In the Matter of the Application of THE CITY OF NEW YORK Relative to Opening White Plains Road, etc., from the Northerly Boundary of the City of New York to Morris Park Avenue, etc.

In the Matter of the Application of Certain Property Owners for Damages Caused by the Abandonment, Discontinuance and Closing of Old White Plains Road and Elliott Avenue, etc. .

THE CITY OF NEW YORK, OSCAR KECHELE, as Executor, etc., and EMMA E. NESTELL, Appellants.

First Department, July 13, 1917.

Municipal corporations — discontinuance of streets in city of New York — extinguishment of private easements in streets which were never opened — right of landowner to award — offset against interest on award of value of use of discontinued streets.

When, on September 18, 1901, the map of section 31 of The Bronx was duly adopted and filed, showing an entirely new street plan and indicating that Old White Plains road, Elliott avenue and Fulton street were closed and discontinued, any private easements of light, air and access over Elliott avenue and Fulton street were extinguished and a landowner deprived of said easements is entitled to compensation, although Elliott avenue and Fulton street, as shown on a map of an estate were never actually opened.

Moreover, as all private easements were extinguished on the adoption of said plan, it was error for the commissioners to refuse to allow compensation for the extinguishment of the easement of an abutting landowner over a gore of land which formerly lay within the boundaries of Old White Plains road.

The commissioners on the return of their report for reassessment under the holding last preceding, should be directed to set off against the interest on the award for parcels of land taken, the value of the use of discontinued streets.

APPEAL by The City of New York and others from parts of an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 11th day of November, 1914, confirming an award of commissioners in street closing proceedings, with notice of an intention to bring up for review certain other orders in the proceeding.

*L. Howell La Motte,* for the appellant The City of New York.

*John R. Abney,* for the appellant Oscar Kechele, as executor, etc.

*Charles L. Craig,* for the appellant Emma E. Nestell.

SHEARN, J.:

(Damage parcel No. 3.) This property was described in claimant's deed as being bounded on three sides by Fulton street, Elliott avenue and the Williamsbridge road, as shown on a certain map of the estate of Peter Lorillard, deceased, filed in the office of the register of Westchester county. Williamsbridge road was what was later known as Old White Plains road. Elliott avenue and Fulton street were never actually opened, regulated or in any wise used as streets or thoroughfares in the vicinity of this parcel. On September 18, 1901, a map or plan of section 31 of the Bronx was duly adopted and filed, showing an entirely new street plan. Old White Plains road, Elliott avenue and Fulton street were indicated as closed and discontinued. This left the parcel without any street frontage. It clearly appears that the commissioners made their award upon the assumption that the claimant still had after the old White Plains road was closed private easements of light, air and access over Elliott avenue and Fulton street, whereas, for the reasons stated in *Matter of Wallace Avenue* (179 App. Div. 172), decided herewith, all such easements, if any existed, were extinguished by the filing of the city's plan. Damages should have been awarded upon the basis that the claimant's parcel was entirely deprived of access by the closing of old White Plains road. The learned justice at Special Term properly held that the filing of the city plan extinguished all easements, public and private, but the effect

of such a holding seems not to have been pressed upon his attention so far as affecting this particular parcel, and parcels 18 and 19, for they are not referred to in the opinion. The order is, therefore, erroneous as to parcel No. 3.

(Parcels 18 and 19.) The city appeals from the order affecting these parcels on the ground that the commissioners erred in not setting off as against the interest on the award the value of the use of a small gore forming the bed of the discontinued street. The commissioners' report shows, as pointed out by the learned justice at Special Term: " That in fixing such awards and the dates from which we have allowed interest thereon, we have considered all the evidence introduced as to use and occupation had or practicable of the premises affected, and allowed for all such use and occupation shown." If the commissioners did not deduct such allowance from interest but deducted it from the principal of the award, there would be no justification in sending these parcels back to the commissioners, with all the attendant expense. But, as it is necessary to send these parcels back, any error in respect to this deduction can be readily corrected in the new award.

The owner appeals from so much of the order as confirms the report in its finding that the private easement over the inside gore in front of the lots was not cut off by the closing of old White Plains road when the city's new street plan was filed. As all private easements were extinguished, it was error not to allow compensation for the easement over the inside gore. But the city contends that the preponderance of the evidence shows that this narrow strip was never a part of the old highway and represented merely excess land as shown by survey in 1911 as compared with the dimensions shown on the map of Olinville, No. 1, filed February, 1862, and the map of the village of Wakefield, as well as a map of the village of Williamsbridge filed in 1891. The city injected further doubt by the testimony of Engineer Hume, who endeavored to identify certain old stones found by him as possibly corresponding with a stone wall shown by a dotted line on the map of Williamsbridge, but this was all very speculative. On the other hand, the testimony of the former clerk of the village of Williamsbridge, who was familiar with the property for thirty years and clearly remembered

the regrading of the old White Plains road that created the inside gore and separated the lots from the street, was quite convincing. Considering that the commissioners, in addition, had the opportunity of viewing the premises and becoming entirely familiar with the topography of the region, their finding that the inside gore was, prior to the regrading, a part of the old White Plains road was supported by and not against the evidence.

It follows that the order, so far as appealed from in respect to parcel No. 3, is reversed, with ten dollars costs and disbursements; in so far as appealed from by the owner of parcels 18 and 19 and by the city of New York, is reversed, without costs, and the report is returned to the commissioners with directions to reassess the damages to parcels 3, 18 and 19, and to set off against the interest on the award for parcels Nos. 18 and 19 the value of the use of the discontinued streets.

CLARKE, P. J., concurred; DOWLING and SMITH, JJ., concurred upon the authority of *Matter of Wallace Avenue* (179 App. Div. 172), handed down herewith.

Order reversed, so far as appealed from in respect to parcel No. 3, with ten dollars costs and disbursements; so far as appealed from by owner of parcels 18 and 19, and by the city of New York, order reversed, without costs, and report returned to commissioners, with directions as stated in opinion. Order to be settled on notice.