In the Matter of the Application of the BOARD OF WATER
SUPPLY OF THE CITY OF NEW YORK, Pursuant to Section
42, Chapter 724 of the Laws of 1905, as Amended by
Section 9, Chapter 314 of the Laws of 1906.

BUSINESS DAMAGE COMMISSION No. 3.

MARTHA YOUNG, Claimant, Respondent; THE CITY OF NEW
YORK, Petitioner, Appellant.

Third Department, November 14, 1917.

Eminent domain — injury to business by construction of reservoir
for New York city water supply — award set aside at Special Term
and new appraisal directed — new appraisal not conclusive —
statute construed — damages — failure to charge expense against
value of business.

Although section 22 of chapter 724 of the Laws of 1905, relating to a water
supply for the city of New York, provides that in the case of a " new
appraisal " of damages to a claimant " the second report shall be final
and conclusive on all parties and persons interested," where a former
appraisal of damages to a business has been set aside at Special Term
there is no appraisal and no report, and when the Special Term directs
a new appraisal it is, when made, the original appraisal and is not
conclusive.

Objections to an award for damages to a boarding house business conducted
on lands in the Ashokan reservoir district examined, and *held*, that
it was error to charge against the value of the business the rental value
of the lands for ten weeks only and to charge them only with the value
of the claimant's services in the business for the same period instead of
for six months' services actually rendered, and to fail to charge against
the business the expenses of servants employed therein.  The award will
be set aside unless the claimant consents to accept a smaller sum.

APPEAL by the petitioner, The City of New York, from
an order of the Supreme Court, made at the Ulster Special
Term and entered in the office of the clerk of the county of
Ulster on the 16th day of September, 1915, confirming a
report of Business Damage Commission No. 3 in this pro-
ceeding awarding $1,696.50 to claimant for damages to her
boarding house business conducted on real property known
as Ashokan Reservoir, section 18, parcel 871.

*William McM. Speer* and *Lamar Hardy*, for the appellant.

*Arthur A. Brown*, for the respondent.

SEWELL, J.:

One of the questions argued by the respondent is, that under section 22 of chapter 724 of the Laws of 1905 the report of the commissioners of appraisal is final and conclusive on all parties and persons interested. This section deals with the matter of a new appraisal and a second report. It provides as follows, viz.: " In the case of a new appraisal, the second report shall be final and conclusive on all parties and persons interested." The contention of the respondent is based upon the fact that a former appraisal in this proceeding resulted in a report of the commissioners that was set aside at Special Term and a new appraisal was directed. In *Matter of Daly* (189 N. Y. 34) this provision of the statute was construed and the court held that when a first report is set aside there is no appraisal and no report; that while another appraisal would be a new appraisal in fact, in legal contemplation it would be an original appraisal. " It will be the appraisal which the statute in the first instance authorizes."

To my mind that case is not to be distinguished from the one under consideration and disposes of the respondent's contention.

The appellant's objections to the award are that the commissioners, in determining the value of the business, charged against it the rental value of the farm upon which it was conducted for ten weeks instead of one year; that they charged it with the value of the claimant's services for the same period and not for six months, and that no charge was made against it for the services of the hired woman. It is sufficient to say that it appears by the evidence of the claimant that a caretaker was in charge of the farm when it was not occupied by her; that she gave him the stock and house rent free to take care of the place. " I gave him free rent and the use of the eggs and chickens just for keeping the place for me," and the plaintiff's expert conceded, on cross-examination, that the fair rental value of the farm for a year was not less than $200. The claimant also testified that she and her three daughters always went to the farm about April first; that it took from that time until the middle of June to clean house and get ready for the boarders, and

that they returned to New York about October first, as it took about a month to clean up; that the work was done by herself, a hired woman and her three daughters and that she paid the hired woman $15 per month.

We are, therefore, of the opinion that the order confirming the award should be reversed, the award set aside, and the matter remitted to a new Commission, unless the claimant consents to accept $611, in which event the order, as so modified, should be affirmed, without costs.

All concurred.

Order confirming award reversed, with ten dollars costs and disbursements, and award set aside, and matter remitted to a new Commission, unless the claimant consents to accept $611, in which event the order is so modified, and as modified affirmed, without costs.