In the Matter of the Application of the CITY OF NEW YORK, Relative to Opening White Plains Road (Although Not Yet Named by Proper Authority) from the Northern Boundary of the City of New York to Morris Park Avenue, etc.

In re Application of Certain Property Owners for Damages Caused by the Abandonment, Discontinuance and Closing of Old White Plains Road and Elliott Avenue, etc. Damage Parcel No. 3. Matter of NESTELL.

THE CITY OF NEW YORK, Appellant; EMMA E. NESTELL, Respondent.

First Department, April 17, 1919.

Municipal corporations — city of New York — proceeding to close and discontinue street — right of owner to interest upon award of damages — interest after confirmation.

An owner of land damaged by the closing and discontinuance of a street is entitled, without any demand therefor, to interest on the award from the date of the report of the commissioners to the date of the confirmation thereof, on the theory that such interest constitutes part of the compensation to which the owner is entitled. But the only right to interest on such an award *after* the confirmation thereof is that given by section 11 of chapter 1006 of the Laws of 1895, by putting the city in default by the service of a demand for the payment of the award as therein specified; and where such a demand is duly made and is not complied with within thirty days, the claimant is entitled to interest from the expiration of that period.

An owner may preserve her right to interest on an award by making a demand pursuant to the statute immediately after the confirmation of the report and this will not be affected by any appeal by the city, nor will it preclude said owner from appealing, nor will it be affected by a reversal on her appeal on the ground that she should have received a larger award even had such reversal stood.

Where an owner has failed to make a demand for payment of an award more than thirty days before payment thereof, she is not entitled to interest thereon after confirmation of the report to the date of payment.

Appeal by the City of New York from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 7th day of January, 1919, granting respondent's motion to require the city to pay additional interest on her award.

*L. Howell La Motte* of counsel [*Joel J. Squier* with him on the brief; *William P. Burr, Corporation Counsel*], for the appellant.

*James R. Deering,* for the respondent.

Laughlin, J.:

During the pendency of this proceeding the respondent petitioned the court pursuant to the provisions of section 14 of chapter 1006 of the Laws of 1895 for an order extending the powers of the commissioners appointed herein so as to authorize, empower and require them to ascertain and determine the amount of compensation which should be justly awarded to her as the owner of a parcel of land, subsequently designated as damage parcel No. 3 herein, by reason of the closing and discontinuance of the old White Plains road, in front of and adjoining said premises. The commissioners made a final report, dated December 19, 1913, in which they awarded the respondent the sum of $4,252.81, which included interest from the date of closing to the date of the report. The report was confirmed by order entered on the 11th of November, 1914. Both the city and the respondent appealed from the order of confirmation and both appeals were subsequently dismissed pursuant to a stipulation. Thereafter the respondent moved to vacate the order dismissing her appeal and the court granted the motion and reinstated the appeal. The appeal was argued and on the 13th of July, 1917, this court

made an order reversing the order of the Special Term and returning the report to the commissioners to assess the respondent's damages on the theory that Elliott avenue and Fulton street, two private streets, had been closed. (*Matter of City of New York* [*White Plains Road*], 179 App. Div. 216.) The Court of Appeals thereafter, in *Matter of Wallace Avenue* (222 N. Y. 139), decided that such private streets are not closed under the statute (Laws of 1895, chap. 1006). The city then moved for leave to appeal to the Court of Appeals and to have questions certified. The motion was denied; but a reargument of the appeal herein was ordered and on the reargument an order was made by this court on the 12th of June, 1918, vacating its former order reversing the order of confirmation and affirming that order. (*Matter of City of New York* [*White Plains Road*], 183 App. Div. 378.) Thereafter and on the 15th of June, 1918, the respondent filed a demand with the comptroller of the city for the payment of the award with interest from the date of the report of the commissioners. Theretofore and on the 12th of March, 1917, the comptroller had drawn a warrant in favor of the respondent for the amount of the award and had duly notified her that he was ready and willing to pay the same. So far as appears she took no action on that notice and made no demand on the comptroller for the payment of the award or for interest until the 15th day of June, 1918, as already stated. She was entitled, without any demand therefor, to interest on the award from the date of the report of the commissioners to the date of the confirmation thereof on the theory that such interest constitutes part of the compensation to which the owner is entitled. (*Matter of City of New York* [*West 151st Street*], 179 App. Div. 894; affd., 222 N. Y. 370.) On the morning of July 18, 1918, the respondent received from the comptroller, in due course of mail, notice that a further warrant for the payment of interest on the award from the date of the report to the date of its confirmation was ready for delivery to her; and on or about that day she accepted the warrants for the original award and for interest from the date of the report to the date of confirmation thereof, protesting, however, that she was entitled to interest from the date of the report to the date of payment and reserving her right to claim the additional interest.

The only right to interest on such an award *after* the confirmation thereof is that given by section 11 of chapter 1006 of the Laws of 1895, by putting the city in default by the service of a demand for the payment of the award as therein prescribed; and where such a demand is duly made and is not complied with within thirty days, the claimant is entitled to interest from the expiration of that period. (*Matter of Edelmuth* v. *Prendergast*, 142 App. Div. 785; 202 N. Y. 602; *Matter of Minzesheimer*, 144 App. Div. 576; affd., 204 N. Y. 272; *Matter of City of New York* [*West 151st Street*], *supra.*) Respondent was at liberty to preserve her right to interest by making a demand pursuant to the statute immediately after the confirmation of the report and this would neither have been affected by any appeal that might be taken by the city nor would it have precluded her from appealing; and it would not have been affected by the reversal on her appeal on the ground that she should have received a larger award even had such reversal stood. (*Matter of Water Commissioners of White Plains*, 195 N. Y. 502; *Matter of City of New York* [*Court House*], 216 id. 489; *Matter of Edelmuth* v. *Prendergast, supra.*) Under these authorities the respondent was at liberty to demand and to receive the award as made and to prosecute an appeal on the theory that she should have received more. It is to be borne in mind that the report of the commissioners was *confirmed* at Special Term. If it had not been so confirmed, of course, the respondent would have been entitled, as part of her just compensation, to interest on the award until the date of confirmation by an order on appeal or otherwise. (See *Matter of Daly*, 189 N. Y. 34; *Matter of Board of Water Supply*, 180 App. Div. 701; *Matter of Water Commissioners of White Plains, supra.*) Having failed to make a demand for payment of the award more than thirty days before payment thereof, the respondent was not entitled to interest thereon after confirmation of the report. No point is or was made with respect to interest for the three days after the expiration of thirty days from the demand before the payment of the award and doubtless if that interest, which would only have been about two dollars, had been demanded it would have been paid.

It follows that the order should be reversed, with ten

dollars costs and disbursements, and motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.