In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title to the Lands, etc., Required for the Opening of Westchester Avenue, in the Borough of The Bronx, City of New York; In Re Closing of Old Clason Road and Other Old Roads and Streets in the Borough of The Bronx, City of New York.

THE COMPTROLLER OF THE CITY OF NEW YORK and THE CITY OF NEW YORK, Appellants; JAMES J. FOX, Respondent.

First Department, July 6, 1926.

**Municipal corporations — condemnation of land in New York city for street purposes — interest on value of property to date of confirmation of award is part of compensation — interest on award from thirty days after demand for payment, under Laws of 1895, chap. 1006, § 11, following confirmation, is penalty — demand for payment made before confirmation will not start interest on award — receipt and release by plaintiff bars recovery of further interest.**

Where an award has been made to the owner for land taken in New York city for street purposes, the interest on the value of the property taken, down to

the date of the confirmation of the report of the commissioners, is part of the compensation to which the owner is entitled, but interest on the award after confirmation, which commences to run thirty days after demand for payment of the award, under section 11 of chapter 1006 of the Laws of 1895, is in the nature of a penalty for failure to pay the award promptly on proper demand. The claimant, having made a demand for payment of the award prior to the confirmation of the report, is not in a position to demand interest on the award under said section, for, in order to recover interest thereunder, it is essential that the demand for payment be made after the award has been confirmed.

Furthermore, the claimant is not entitled to interest on the award, since it appears that when the award was paid to him he executed a receipt and release in full without any reservation of right to further interest, and said release bars him from recovering interest on the award.

APPEAL by the Comptroller of the City of New York and by the City of New York from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of March, 1926, granting a motion of the respondent to direct the comptroller of the city of New York to pay interest on an award.

*Joel J. Squier* of counsel [*William B. R. Faber* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the appellants.

*Harry B. Chambers* of counsel, for the respondent.

DOWLING, J. In the above proceeding an award of $2,344.08 was made to petitioner for parcel damage No. 37 in the final report of the commissioners, dated May 18, 1921. Such award includes interest from April 27, 1909, the date of the accrual of damages, to May 18, 1921, the date of the report. On March 13, 1922, an order was entered by Special Term confirming in all respects the award made to petitioner for parcel damage No. 37. The city of New York appealed to the Appellate Division from said order of confirmation; the order was affirmed by the appellate court (206 App. Div. 697), and leave to appeal to the Court of Appeals was denied by this court and by the Court of Appeals, the latter denial being made on or about October 10, 1923. On November 13, 1923, the comptroller of the city of New York noticed the award for payment. On November 23, 1923, there was paid to petitioner $2,459.33, the amount of the award ($2,344.08) with interest ($115.25) to the date of confirmation of the award, March 13, 1922.

Upon payment of said amount the respondent executed and delivered a release under seal to the city of New York, which, after reciting the confirmation of the report of the commissioners of estimate and assessment in the proceeding including the award to respondent, proceeded as follows: " Now, therefore, know ye, That I, James J. Fox, the person named in and entitled to the said

Award, do hereby acknowledge to have received from The City of New York the sum of Twenty-four hundred fifty-nine 33 Dollars, in full payment and satisfaction of said Award and the interest thereon; And, in consideration thereof, I do hereby for myself, my heirs, executors and administrators grant and release unto The City of New York all claims against the said lot and parcel of land and all my right, title and interest therein." This release was duly acknowledged on the day it bears date — November 17, 1923.

On February 23, 1922, petitioner had served on the comptroller a demand for the payment of the award. This demand was served before the decision of Special Term was rendered on February 25, 1922, and before the entry of the order of March 13, 1922, confirming the award.

The order from which the present appeal was taken directs the comptroller of the city of New York to pay to respondent interest on the award to him at the rate of six per cent per annum from March 13, 1922, the date of the entry of the order of confirmation, to November 13, 1923, the date said comptroller gave notice to respondent that he was ready to pay the award. In granting the motion the learned court at Special Term said: " Under the very peculiar circumstances of this case it seems to me proper to grant this motion without constituting this a precedent except for an absolutely identical application. Motion granted. Settle order."

In my opinion, respondent was not entitled to the relief sought, nor are there any special circumstances presented in the record which justified it.

As the appellants correctly argue, the interest claimed by petitioner and awarded by the order appealed from is penalty or incidental interest and is not constitutional or compensation interest or part of the award due petitioner.

In *Matter of City of New York (West 151st St.)* (222 N. Y. 370) the court (at p. 372) said: " In *Matter of Minzesheimer* (144 App. Div. 576), in an opinion by Mr. Justice Scott, subsequently adopted by this court (204 N. Y. 272), it was held that damages in a street closing proceeding should include not only the value of the easements taken or destroyed, but also interest thereon from the date when taken to the date of the report; that such interest is allowable as part of the damages which the property owner has sustained not under any explicit provision of the statute, but under the right to due compensation for taking his property, and that such interest need not be separately stated in the report. We thus see that interest on the value of the easements is included in the award under the constitutional requirement for due com-

First Department, July, 1926. [Vol. 217

pensation for property which has been taken. If the property owner received simply the value of his easements without any interest to the time of the award so made, he would not receive such compensation. We think that this idea and theory of full compensation to the property owner when completely carried out require that he should be allowed interest on the award from its date to the date when it is confirmed.".

Interest on the value of the property taken, down to the date of the confirmation of the report, is, therefore, part of the due compensation to which the owner is entitled under the Constitution.

But interest on the award after the date of confirmation is no part of the due compensation required to be made to the owner in fulfillment of the constitutional requirement. That is a penalty imposed for failure to pay promptly on proper demand, after the confirmation of the report, and is regulated by section 11, chapter 1006, Laws of 1895, dealing with street closing proceedings and reading as follows: " All damages awarded by the commissioners of estimate and assessment, and all costs and expenses which may be taxed in the said proceedings and all expenses of any department or bureau of such city which may be charged with the conduct of such proceedings shall be paid by such city to the respective persons, department or bureau mentioned or referred to in the report of the said commissioners or in whose favor such costs or expenses shall be taxed. Said damages, costs and expenses shall be paid from the fund provided for by existing laws for the opening of streets and parks in such cities and in the case of the city of New York from the fund for street and park openings in the manner now provided for by existing laws. The court in which said proceedings have been had, upon the application of any person or persons to whom awards shall be made in such proceedings, and the person or persons in whose favor the costs and expenses may be taxed upon the application of such person or persons, in case of the failure of the comptroller or chief financial officer of such city to pay the same within thirty days after demand therefor, shall require and direct the principal financial officer or comptroller to pay said awards, costs and expenses from such fund and enforce said order or mandate in the same manner as other orders or mandates of said court are enforced."

The courts, in interpreting the provisions of section 11, have held that the interest allowed by this section on an award after confirmation in a street closing proceeding from a date thirty days after the service of a proper demand for the payment of the award, is interest allowable as a penalty for default in payment after demand therefor. (See *Matter of City of New York [West 151st*

*St.*], 222 N. Y. 370, 373; *Matter of Edelmuth* v. *Prendergast,* 142 App. Div. 785, 788; 202 N. Y. 602; *Matter of Minzesheimer,* 144 App. Div. 576, 580; affd., 204 N. Y. 272, 275; *Matter of City of New York* [*White Plains Road*], 187 App. Div. 355, 358.)

In the present proceeding no proper demand was made for the payment of the award, which would have set in operation the period of thirty days after which interest would have been chargeable. Here the demand for payment was made eighteen days before the confirmation of the report.

In *Matter of City of New York (West 151st St.) (supra)* the court, in speaking of the filing of demand under section 11 of chapter 1006 of the Laws of 1895 (at p. 373), said: " The statute provides for the institution by the commissioners on behalf of the city of proceedings to secure a confirmation of the award which they have made. Such proceedings were instituted in the present case. The statute clearly contemplates that the award shall not become a perfected and payable obligation against the city until the same has been confirmed. Until this step has been completed, the property owner is not entitled to payment of his award, and the demand provided for by section 11 as a means of setting in motion the accrual of interest on failure of the city to pay would be entirely premature."

Moreover, the receipt and release executed and delivered by the respondent, under which he reserved no rights whatever, constituted a bar to the recovery by him of any further interest on the award.

In *Matter of Crane* v. *Craig* (230 N. Y. 452) the court (at p. 460) said: " A question has been raised as to whether or not the acceptance of the principal and interest as awarded has barred the relator from recovering this additional interest. The decisions of this court upon the question of when an acceptance of the principal sum due bars a subsequent claim for interest, may be difficult to reconcile.

" The rule, however, appears to be that where the interest is not payable by the terms of the contract, but is simply allowable as damages for the default in payment, then the interest is not regarded as a part of the debt, but as a mere incident to it, and the receipt of the principal bars a subsequent claim for the interest for the reason that in such cases interest being a mere incident, cannot exist without the debt, and the debt being extinguished the interest must necessarily be extinguished also. (*Stewart* v. *Barnes,* 153 U. S. 456.) " (See, also, *Cutter* v. *Mayor, etc.,* 92 N. Y. 166; *Grote* v. *City of New York,* 190 id. 235.)

In the case at bar there is no special agreement between the city and petitioner reserving his right to recover the interest claimed here, nor do the receipt and release given by petitioner to the city contain any reservation of petitioner's right to such interest.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.