In the Matter of the Estate of MYRON D. TURNER, Deceased.

Surrogate's Court, New York County, February 21, 1939.

*Prentice & Townsend* [*Myron T. Townsend* of counsel], for the petitioners.

*Junius Pendleton Wilson*, for Louise T. Coulter.

*Blandy, Mooney & Shipman* [*William West Shaw* and *Donald MacDonald* of counsel], for Frances T. MacDonald and another.

*Larkin, Rathbone & Perry* [*Albert B. Maginnes* and *Henry A. Fenn* of counsel], for Colby Townsend and another.

*Elmer Dean Coulter*, special guardian for Adelaide Townsend and another.

*John J. Barrett, Jr.*, special guardian for Lucy Therina Briggs and others.

FOLEY, S. This is an executors' accounting in which a construction of the will is sought.

The testator died on April 5, 1937. His will was executed on November 23, 1920, and the codicil thereto was executed on October 24, 1935. The codicil in no way affects the question of construction.

By article fourth of his will the testator created a trust of his residuary estate for the benefit of his sister for life. Upon the death of the sister, he disposed of the remainder in the following language: " I give, devise, and bequeath the principal of said trust estate, or my residuary estate, to the then living issue, including both children and grand-children, of my deceased sister, Adelaide Louise Townsend, to be divided equally, *per capita* and not *per stirpes.*" At the date of the execution of the will there were living five children and ten grandchildren of the testator's deceased sister Adelaide. Between the date of the execution of the will and the death of the testator eight great-grandchildren of the deceased sister were born.

The beneficiary of the trust survived the testator by only nine days, making effective the remainder provisions. The members of the class of issue of the deceased sister who take as remaindermen must now be determined. Did the testator intend to limit the class of remaindermen to children and grandchildren? Or did he extend it to all descendants?

The general rule is that a gift to " issue," without any qualification by other words in the will, is a gift to descendants in every degree. (*Matter of Durant*, 231 N. Y. 41; *New York Life Ins. & Trust Co.* v. *Winthrop*, 237 id. 97; *Matter of Farmers' Loan & Trust Co.*, 213 id. 168; *Schmidt* v. *Jewett*, 195 id. 486; *Soper* v. *Brown*, 136 id. 244.)

The words employed by the testator in making the gift of the remainder clearly qualify the primary meaning of the word " issue." In fact, the testator himself has defined the meaning of the word and specified the members of the class which are to share in the gift to the issue of his deceased sister. The testator has provided that the gift to the issue should include " both children and grandchildren " of the deceased sister. The testator has thus named two distinct classes of issue which are to share in the remainder, prefixing the designated classes by the word " both." The word " both " means all of two. (Black, Legal Dict. [3d ed.] p. 241.) The term likewise has a meaning which excludes more than two mentioned subject-matters and is never used as inclusive of three or more subject-matters. (1 Pope, Legal Definitions, p. 170.) The words employed by the testator are clear and unambiguous and will be given their ordinary meaning. (*Dwight* v. *Fancher*, 217 App. Div. 381; affd., 245 N. Y. 71.)

Numerous authorities have been cited by those advocating that the great-grandchildren of the deceased sister are entitled to share in the remainder. These authorities construing gifts to " issue " are of little value here because of the language employed by

the testator in designating the class of remaindermen who are to take. As was stated by Judge Cardozo in *Matter of Buechner* (226 N. Y. 440, 443, 444), " tests may help to ascertain the membership of a class not otherwise defined. There is no need to resort to them when the testator has defined the membership himself. * * * We need no canon of construction to justify that holding except, indeed, the primary one, to which all others are subordinate, that the intention of the testator is to be sought in all his words, and, when ascertained, is to prevail."

I hold, therefore, that the children and grandchildren of the deceased sister share equally in the remainder under the *per capita* distribution provided for by the will and that the great-grand-children are excluded from sharing under the language employed by the testator.

Submit decree on notice construing the will and settling the account accordingly.