Russell G-. Hunt, J.
The claimant herein seeks to recover for the appropriation by the State of a gasoline station and a two-story apartment house with appurtenant buildings. The appropriation was for the purposes of the State Thruway System. The questions presented for determination concern the amount of claimant’s damage, a counterclaim by the State for $1,800 and “ constitutional interest” (Matter of City of New York [Westchester Ave.], 217 App. Div. 381).
The evidence shows that on September 17, 1952, the Superintendent of Public Works filed in the office of the Department of State the map and description of the property appropriated and thereupon the State was authorized to “ immediately enter upon and take possession of the property” (Highway Law, § 347, subd. 5), and, in the same month the State served notices, to quit upon the two tenants of the apartment house (their aggregate rent being $95 a month) and upon the tenant of the gasoline station (whose rent was $75 a month). The apartment house tenants removed before October 1, 1952, and *6 the premises remained vacant thereafter. The tenant of the gasoline station did not move and he continued to attorn to the claimant herein.
Eight and one-half months later, on May 18, 1953, the map and description of the properties were filed in the Ulster County Clerk’s office and title then vested in the State (Highway Law, § 347, subd. 5-ia).
Almost two years thereafter, on May 13, 1955, the State served the claimant with the notice of appropriation, map and description (Highway Law, § 347, subd. 9).
The claim was filed herein on July 29, 1955 and on February 3, 1956 the State interposed a counterclaim alleging, with reference to the gasoline station, that there is 1 ‘ due and owing to the State of New York the total sum of $1800.00 or rent collected by the claimant from the tenant A. W. Gilbert for the' period from June 1, 1953, to June 1, 1955 ”.
The counterclaim contains no allegations, and, there was no evidence, respecting a landlord-tenant relationship wherein the State was the landlord, or, any promise on the part of anyone to pay rent to it. There is no evidence of a landlord and tenant relationship between the State and the tenant A. W. Gilbert— the notice to quit negatives any such intention and the tenant’s continued possession does not “ spell out an agreement to pay rent or to create the traditional relationship of landlord and. tenant ” (Geist v. State of New York, 3 Misc 2d 714, 719). The tenant’s payment of rent to the claimant is binding upon the State in the absence of notice (Real Property Law, § 248) and there was no evidence of such notice to him.
Even if the claimant be treated as a vendor in possession of the gasoline station “he does not thereby become a tenant of the purchaser and is not liable for use and occupancy” (Geist v. State of New York, supra, p. 719). The counterclaim is dismissed.
Interest will be allowed upon the amount awarded for the appropriation of the apartment house and its appurtenant building from which the claimant was excluded in September, 1952 and such interest should run from October 1, 1952, the commencement of the State’s occupancy of, and the claimant’s exclusion from, the premises and the same should continue until the date that the extent of claimant’s damage was determined, namely, May 18, 1953 (the vesting date), which is also the accrual date of the claim, and, thereafter for six months (Court of Claims Act, § 19; La Porte v. State of New York, 5 A D 2d 362), and from July 29, 1955, the date of filing the claim in the *7 office of the clerk of the court, to the entry of the judgment herein. Interest is allowed upon the amount awarded for the appropriation of the gasoline station from July 29, 1955, to the entry of the judgment herein.
The decision is filed herewith.