Findings signed.

---

### In re DELANCEY ST. IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 4, 1910.)

1. EMINENT DOMAIN (§ 247*)—AWARD—INTEREST—DEMAND—SUFFICIENCY—DISCHARGE OF INCUMBRANCES.

Persons to whom an award was made for land, incumbered with mortgages, taken for street purposes, need not, before making a demand for the entire award and interest, under Greater New York Charter (Laws 1901, c. 466) § 1001, providing that interest upon the sum awarded shall cease to run six months after confirmation of the commissioner's report, unless within that time demand therefor is made upon the comptroller, present a satisfaction or release of the mortgages, that not being required until payment of the award, and the demand was not insufficient for not doing so, on the ground that it was for a greater sum than that to which claimant was entitled.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 640; Dec. Dig. § 247.*]

2. EMINENT DOMAIN (§ 247*)—INTEREST—DEMAND—SUFFICIENCY OF DEMAND.

Under such charter provision, the demand for interest may be made to any person to whom the comptroller gave charge of the department where such demands were made, but must be in writing, so that a permanent record thereof may be preserved; an oral demand being insufficient.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 640; Dec. Dig. § 247.*]

Appeal from Special Term, New York County.

In the matter of the application of the City of New York in re Delancey street. From that part of an order denying a motion direct-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing the comptroller to pay interest on an award for land taken for street purposes, an appeal was taken. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Henry De Forest Baldwin, for appellants.

Thomas C. Blake, for respondent.

McLAUGHLIN, J. The city of New York, for the purpose of opening a street, took in condemnation proceedings certain lots belonging to the appellants, for which an award, including interest, was made in the aggregate sum of $64,005.92. The award was made subject to two mortgages which, at the time title vested in the city, were liens upon the property. The city, at the time the award was made and for some time thereafter, by reason of lack of funds was unable to pay the amount awarded. It is, however, now able to make such payment, and the sole question presented by this appeal is whether it is obligated to pay interest on the amount of the award for more than six months from the time the same was made.

The appellants insist that under the provisions of section 1001 of the Greater New York Charter (Laws 1901, c. 466) they are entitled to interest to the date of payment, and this the city disputes. This provision of the charter provides that interest shall run upon the sum awarded by the commissioners from the date of their report, but that it shall cease to run six months after confirmation of the report, "unless within that time demand therefor be made upon the comptroller." The comptroller refused to pay interest on the award for more than six months, upon the ground that a legal demand had not been made upon him as provided in the section, and thereupon a motion was made to compel him to make such payment, which was denied, and the appeal is from that order.

I am of the opinion that the order is right, and should be affirmed. The papers used upon the motion show that one Wadsworth, an employé of the attorneys for the claimants, on the 26th of December, 1908, went to the office of the comptroller, having been directed to do so, for the purpose of making a demand for the payment of the sum awarded, with interest; that he went to what is termed the "awards room" in the department of finance, and there had a conversation with one of the men in charge, in which he stated that he demanded payment of the sum of $64,005.92 on behalf of the claimants; that the demand was oral, and the person upon whom he made it stated that the amount demanded was correct, and that the demand had been made upon the proper person, but that payment could not then be made, but would be as soon as there were sufficient funds in the treasury; that some time thereafter one Bacon, a managing clerk in the office of the attorneys for the claimants, for the purpose of ascertaining whether the demand had been made, also went to the comptroller's office, and on going to the "awards room" was informed by some one in charge that such demand had previously been made. In opposition to the motion it appeared there were three men in the room referred to—Kenny, the principal one in charge, assisted by Gross and Dawson. Both

Gross and Dawson stated that no demand was made upon them. Kenny stated that he was in charge of that department at the time in question, but had no recollection of a demand ever having been made upon him. He also stated that there were some 5,000 or 6,000 awards paid through his department each year, and at least three times as many conversations with reference to awards, and it was impossible for him to remember each. He further stated that no written demand was ever served or filed with the comptroller for payment within six months after confirmation of the report.

The city resisted the application for the payment of interest upon the ground that the award was made subject to two mortgages, and that, even though it be conceded the demand was made, it was for a larger amount than that to which the claimants were entitled; that the demand was not made upon the proper person, and should have been in writing. The court at Special Term, as appears from a memorandum delivered at the time the motion was decided, held that the appellants were not entitled to interest, because they had demanded an amount in excess of that to which they were entitled; that they could legally demand only the amount of the award and interest, less the amount due upon the mortgages.

I am of the opinion that the order is right, but the reason assigned is erroneous. The appellants were not obliged to present to the comptroller, at the time the demand was made, satisfactions of the mortgages or releases therefrom, so far as such payment was concerned. This can only be required at the time actual payment is made. All the city is concerned in, when it acquires title in this way, is that when it makes the payment it acquires good title. It is fully protected if satisfactions or releases are then presented. It would be unjust, and would impose a useless burden upon a claimant, to require him, in order to obtain interest upon his award, to get satisfactions or releases of mortgages months, or possibly years, in advance of the time when the city can or will in fact pay. Nor was it necessary that a demand should be made upon the comptroller personally. Such demand could be made upon the person designated by him to take charge of the room or department where such demands were to be made. If it be assumed, therefore, that a demand was made, as contended by the appellants, the amount demanded was the correct one, as was the person upon whom the same was made.

The motion, however, was properly denied, for the reason that the appellants failed to establish that a proper demand of payment was made upon the comptroller within the time specified in the section of the charter referred to. The demand required in this section is a formal one, made in such a way that, if thereafter called in question, it will appear, not only that it was actually made, but that the person making it was entitled to what he demanded. It must be something more than a mere conversation with a clerk or person in charge of some room in the comptroller's office in a great city like New York, where hundreds of persons are employed, and where not only the comptroller, but many of such employés, are changed from time to time. It should be a demand in writing, and a permanent record could.

thus be preserved. The city's interest would, in this way, in all cases be preserved, and mistakes or favoritism prevented.

The order appealed from is therefore affirmed, with $10 costs and disbursements. All concur.