In the Matter of the Application of the CITY OF NEW YORK, Respondent, for Determination of Compensation for Discontinuance and Closing of West One Hundred and Fifty-first Street.

MORGAN J. O'BRIEN et al., Executors of FRANCIS HIGGINS, Deceased, Appellants.

**Street closing proceedings — interest should be allowed upon an award from the date thereof to the date of its confirmation.**

As the act providing for discontinuing and closing streets (L. 1895, ch. 1006) contemplates that the award shall not become a perfected and payable obligation against a municipality until the same has

been confirmed, so that the property owner is not entitled to payment of his award until that time, interest should be allowed upon an award for easements, taken under such statute, where the claimant has not delayed the confirmation, from the date of the award to the date when it is confirmed (*Matter of Edelmuth* v. *Prendergast*, 202 N. Y. 602, and *Matter of Minzesheimer* v. *Prendergast*, 204 N. Y. 272, distinguished.)

*Matter of City of New York* (*West 151st Street*), 179 App. Div. 894, modified.

(Submitted January 8, 1918; decided January 29, 1918.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 29, 1917, which affirmed an order of Special Term denying a motion for an order directing payment of additional interest on an award in street closing proceedings.

The facts, so far as material, are stated in the opinion.

*James R. Deering* for appellants. Under article 5 of the amendments to the Constitution of the United States and article 1, section 6, of the New York Constitution, chapter 1006 of the Laws of 1895, and sections 970, 990 and 1001 of the Greater New York charter, the claimants are entitled to interest on the award from the date of the commissioners' report to the date of payment. (*Matter of Mayor* [*Cromwell Ave.*], 96 App. Div. 424; *Matter of Seybel*, 120 App. Div. 291; 194 N. Y. 589; *Matter of City of New York*, 107 App. Div. 22; 183 N. Y. 571; *Sanders* v. *L. S. R. R. Co.*, 94 N. Y. 641; *O'Brien* v. *Young*, 95 N. Y. 428; *Donnelly* v. *City of Brooklyn*, 121 N. Y. 9; *Matter of City of New York*, 210 N. Y. 451; *Hamersly* v. *Mayor, etc.*, 56 N. Y. 535; *Detmold* v. *Drake*, 46 N. Y. 318; Lewis on Em. Dom. [3d ed.] § 742; *Wilson* v. *City of Troy*, 135 N. Y. 96.)

*William P. Burr*, Corporation Counsel (*I. Howell La Motte* of counsel), for respondent. The payment of interest on awards made pursuant to the Street Closing

Act is controlled by the provision of that act and not by the provisions of the Greater New York charter, relating to the payment of awards in street opening proceedings and that interest on awards for street closing damages, after the signing of the report of the commissioners, does not begin to run until a date thirty days after demand for payment has been made. (*Matter of Edelmuth* v. *Prendergast*, 142 App. Div. 785; 202 N. Y. 602; *Matter of Minzesheimer* v. *Prendergast*, 144 App. Div. 576; 204 N. Y. 272; *Matter of Walton Ave.*, 131 App. Div. 696; 197 N. Y. 518.)

Hiscock, Ch. J. This appeal involves the question of interest to be paid on an award in street closing proceedings instituted under chapter 1006 of the Laws of 1895, and the respective dates of certain steps in that proceeding become important in the consideration and determination of the question presented to us.

Commissioners duly appointed in the proceeding made their report awarding damages to appellants' testator April 24th, 1914. On notice given by the city of application for confirmation, this report was confirmed May 14th, 1915. Demand for payment of the award was made November 12th, 1915, and in the payment subsequently made by the city interest was allowed from December 12th, 1915, to the date of payment. Appellants claim that they should have been allowed interest on the award from the date of the report to the date of payment. While we disagree with this contention as an entirety, we think that the orders which have been made were erroneous in not allowing interest on the award from the date when it was made to the date when it was confirmed.

In *Matter of Minzesheimer* (144 App. Div. 576), in an opinion by Mr. Justice Scott, subsequently adopted by this court (204 N. Y. 272), it was held that damages

in a street closing proceeding should include not only the value of the easements taken or destroyed, but also interest thereon from the date when taken to the date of the report; that such interest is allowable as part of the damages which the property owner has sustained not under any explicit provision of the statute, but under the right to due compensation for taking his property, and that such interest need not be separately stated in the report. We thus see that interest on the value of the easements is included in the award under the constitutional requirement for due compensation for property which has been taken. If the property owner received simply the value of his easements without any interest to the time of the award so made, he would not receive such compensation. We think that this idea and theory of full compensation to the property owner when completely carried out require that he should be allowed interest on the award from its date to the date when it is confirmed.

The statute provides for the institution by the commissioners on behalf of the city of proceedings to secure a confirmation of the award which they have made. Such proceedings were instituted in the present case. The statute clearly contemplates that the award shall not become a perfected and payable obligation against the city until the same has been confirmed. Until this step has been completed, the property owner is not entitled to payment of his award, and the demand provided for by section 11 as a means of setting in motion the accrual of interest on failure of the city to pay would be entirely premature. Under these circumstances it might happen, as it has happened in this case, that through long delay of confirmation without fault on his part, the claimant would be deprived of full and complete compensation for his property unless allowed interest intermediate the award and confirmation thereof. It

is not necessary now to discuss whether this rule should be applied in a case where the claimant himself has delayed confirmation, for, as has been stated, there is no suggestion that any such circumstance exists in this case.

It is argued in behalf of the city that we are foreclosed from taking the view thus expressed by reason of our decisions in the *Minzesheimer* and *Edelmuth* cases, reported respectively in 204 N. Y. 272, and 202 N. Y. 602. It may be admitted that in each of these cases a claim was made by the property owner and rejected by the courts which was broad enough to include a demand for payment of interest on the awards intermediate their dates and the dates of confirmation. Such interest, however, was an inconsequential part of the claim in each case, which was for interest extending over a long period which included the time between award and confirmation. A demand for interest on the award merely from its date to the date of confirmation was not urged or considered by the court in either case, and, therefore, we do not feel that the decisions made in those cases respectively were intended to pass upon and decide the specific question now presented to us.

In accordance with these views we think that the orders of the Appellate Division and Special Term should be modified so as to allow the appellants interest upon the award from the date of the report of the commissioners, April 24th, 1914, to the date of confirmation, May 14th, 1915, with interest thereon from December 12th, 1915, to the date of payment, and as so modified, said orders should be affirmed, with costs to the appellants in this court and in the Appellate Division.

COLLIN, CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Ordered accordingly.