In the Matter of the Application of THE CITY OF NEW YORK in re WHITE PLAINS ROAD from the Northern Boundary of the City of New York to Morris Park Avenue (in re Closing of Old WHITE PLAINS ROAD).

Petition of DOMESTIC REALTY COMPANY, Appellant; THE CITY OF NEW YORK, Respondent.

First Department, July 11, 1918.

Municipal corporations — city of New York — damages, to land from closing of street — when demand upon city comptroller of payment of award does not set interest running — right to interest from date of report of commissioners to time of confirmation — right of assignee of awards to interest — effect of agreement canceling assignment upon right to interest.

Where owners of land pending a determination with respect to awards of damages caused by the closing of a road conveyed said lands and assigned their claim to the awards, and the assignment was not mentioned in the minutes of the commissioners who made the award to the original owners subject to the assignment, the city comptroller was warranted in assuming that the interest of the assignee had not been determined, and, hence, a general demand in writing by said assignee on the comptroller for the payment of the award not accompanied by or referring to the assignment was insufficient to set interest running.

A party entitled to an award of damages should be allowed interest thereon from the date of the report of the commissioners to the time of its confirmation. An assignment of awards to be made entitles the assignee to this interest.

An agreement by the assignee of awards, canceling and discharging an assignment thereof in consideration of the payment of the award with interest thereon by the city or the assignors and acknowledging the receipt of the award and interest executed two days before the award was paid, does not preclude the assignee from claiming interest.

APPEAL by the petitioner, Domestic Realty Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of April, 1918, denying its application for an order requiring the comptroller of the city of New York to pay interest on certain awards.

*Benjamin Trapnell,* for the appellant.

*L. Howell LaMotte* of counsel [*Joel J. Squier* with him on the brief; *William P. Burr, Corporation Counsel*], for the respondent.

LAUGHLIN, J.:

The awards were made pursuant to the provisions of chapter 1006 of the Laws of 1895 for damages to two parcels of land caused by the closing of White Plains road as it formerly existed. The damages accrued on the 1st day of October, 1905, and the parcels were then owned by Phœbe V. S. and Harriet V. S. Thorne. Pursuant to the provisions of said statute they obtained orders on February 11 and April 12, 1904, requiring the commissioners herein to ascertain and award their damages and they appeared by Mr. Trapnell, as their attorney, and offered evidence with respect to their damages. Pending the determination with respect to the awards and on the 25th of January, 1906, they conveyed the parcels to the petitioner. The petition shows that they had theretofore and on the 5th of December, 1905, agreed to assign their claim for the awards to the petitioner; but they did not formally make an assignment thereof to it in writing until the 11th of October, 1910. After the assignment the same attorney represented the petitioner and introduced the

assignment in evidence in the proceeding and it was marked as an exhibit but, so far as appears, was not copied into the minutes of the commissioners nor were its contents stated or shown therein. The final report of the commissioners was filed December 19, 1913, and they therein made one award for the two parcels as follows: To "Phœbe V. S. Thorne and Harriet V. S. Thorne * * * $17,549.92, subject to an assignment to the Domestic Realty Company dated October 11, 1910." Mr. Trapnell, representing the owners and the assignee, moved for the confirmation of the awards as thus made without, so far as appears, having objected to the form of the award, and the motion was granted and the order entered on October 3, 1914, which followed the report with respect to the form of the award. By virtue of the provisions of section 11 of the statute as construed by the courts it became the duty of the comptroller to pay the award to the " person or persons " to whom it was made within thirty days after demand in writing therefor by such person or persons and in the event of his default the court was authorized to make an order directing such payment together with interest after thirty days from the demand. (Laws of 1895, chap. 1006, § 11; *Matter of City of New York* [*Delancey St.*], 136 App. Div. 546; affd., 199 N. Y. 532; *Matter of Edelmuth* v. *Prendergast,* 142 App. Div. 785; 202 N. Y. 602; *Matter of Minzesheimer* v. *Prendergast,* 144 App. Div. 576; affd., 204 N. Y. 272.) The interest in such case is given as a penalty for failure on the part of the comptroller to pay and, therefore, it has been held that the demand must show that " the person making it was entitled to what he demanded," and the comptroller's guide in determining who is entitled to an award is the *report* of the commissioners and the *order* of confirmation. (*Matter of City of New York* [*Delancey Street*], *supra; Matter of Einstein,* 150 App. Div. 856; affd., 208 N. Y. 588.) The only demand made on the comptroller for the payment of the award was a general demand in writing by the petitioner not accompanied by or referring to the assignment and it was made on the 17th of November, 1914. Evidently no action was taken on the demand until the 21st of February, 1917, when Mr. Trapnell wrote the comptroller with respect thereto. The assistant deputy comptroller replied to the letter

under date of " May —, 1917," stating that on the 27th of April, 1917, the corporation counsel had advised that the demand be disallowed.   Nothing further appears to have been done with the exception of the filing of a notice of lien by the attorney, until the 6th of April, 1917, when Mr. Trapnell presented to the comptroller a formal agreement executed by the assignee purporting to cancel the assignment and affidavits by the assignors showing their ownership of the awards and powers of attorney duly executed by them authorizing the petitioner to collect and receipt for the award; and thereupon the comptroller delivered to the attorney in fact a warrant for the *face* of the award drawn payable to the assignors which was indorsed and receipted for.in their names and collected by the attorney in fact.

It is evident from those proceedings that the comptroller deemed it unsafe to pay the award without the joint application of the assignors and assignee or the equivalent thereof or a binding adjudication with respect to the interests of the assignee therein.   The learned counsel for the appellant insists that the award and order of confirmation supplemented by the proceedings before the commissioners constituted such an adjudication.   Although the city is represented in such proceedings by its law department, it would not do to hold the financial officer of the city chargeable, in the discharge of the duties devolving upon him, with knowledge of proceedings before the commissioners not officially brought to his attention.   He was warranted in assuming from the form of the report and order of confirmation that the interest of the assignee had not been determined and could not thereafter be determined save upon notice to the assignor.   The demand, therefore, was insufficient to set interest running on the award.

No interest has been allowed or paid on the award from the date of the report of the commissioners to the time it was confirmed.   That interest amounts to $830.63 and the party entitled to the award was entitled thereto.   (*Matter of City of New York [West 151st St.]*, 222 N. Y. 370.) The assignment to the petitioner carried the right to the entire awards to be made and that entitled the assignee to this interest which constitutes part of the award.   It is

First Department, July, 1918.          [Vol. 184.

contended in behalf of the respondent that the assignee lost the right thereto by the agreement canceling the assignment. That seems on first impression a most plausible argument but a careful consideration of the agreement will show, I think, that it is not sound. That agreement was only executed by the assignee. It does not even purport to be an agreement between the assignee and assignors but rather between the assignee and whoever paid the award *and* interest to it. It consists of a preamble reciting the making of the assignment and then provides as follows: " Now, in consideration of the payment of the award with interest thereon by the City of New York *or* Phœbe V. S. Thorne and Harriet V. S. Thorne, the receipt of which is hereby acknowledged, Domestic Realty Company hereby cancels and discharges said assignment." The cancellation agreement was executed two days before the award was paid and evidently in expectation that both the award *and interest* would be paid, for while the receipt of both is acknowledged the uncontroverted evidence is that neither was then paid. It is perfectly plain that it was intended to take effect concurrently with the payment of the award *and interest* to the petitioner *either* by the city or by the owners. It was used on the settlement with the city and I think it took effect only to the extent that payment was made by the city, viz., as to the award but not as to this interest for which the city evidently then disclaimed liability to any one and it had not then been decided that it was liable for such interest. The failure to make a proper demand for the award justifies and requires the denial of interest on this interest item and technically might warrant the denial of the application; but since the petitioner was entitled to this interest under the assignment as part of the award and it only canceled the assignment to the extent that it was paid and payment thereof was evidently withheld on the erroneous theory that neither party was entitled thereto, and at that time an adjudication with respect thereto was necessary — I think the court should have made an order requiring that this interest be paid to the assignee.

It follows that the order should be reversed, with ten dollars costs and disbursements; and motion granted, with ten dollars costs, to the extent of requiring payment to the petitioner

of the sum of eight hundred and thirty dollars and sixty-three cents.

DOWLING, SMITH, PAGE and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, to extent of requiring payment to petitioner of eight hundred and thirty dollars and sixty-three cents.