H. Oliver Thompson, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 30571. Promulgated October 17, 1929.

*John Philip Hill, Esq.*, for the petitioner.
*F. Easby-Smith, Esq.*, for the respondent.

OPINION.

Arundell: Petitioner contends that the ground rent received by him from the mayor and city council of Baltimore is exempt from

taxation under section 213 (b) (4) (A) of the Revenue Act of 1924, which provides as follows:

(b) The term " gross income " does not include the following items, which shall be exempt from taxation under this title:

\*          \*          \*          \*          \*          \*          \    \*

(4)   Interest upon (A) the obligations of a State, Territory, or any political subdivision thereof, \* \* \*

It is argued that the ground rent arises from an obligation of a political subdivision of a State to pay for the use of land, and that this ground rent is in the nature of interest and as such is exempt from taxation under the above quoted provisions of the Act.    The lease itself designates the amount to be paid as rent and not interest, and having in mind the recognized distinction between the terms rent and interest we can not believe that Congress used the term interest as inclusive of the term rent.

Interest is a " consideration paid for the use of money or for forbearance in demanding it when due." *Maryland Casualty Co.* v. *Omaha Electric Light & Power Co.*, 157 Fed. 514.

Rent is a sum stipulated to be paid for the use and enjoyment of land. The occupation of the land is the consideration for the rent. *In re Roth & Appel*, 104 C. C. A. 649; 181 Fed. 667.

See, also, the definitions in Webster's New International Dictionary.    Moreover, leases such as we have here are regarded by the courts of Maryland as establishing the relation of landlord and tenant and the obligation of the lessee is spoken of as rent. *Myers* v. *Silljacks*, 58 Md. 319; *Crowe* v. *Wilson*, 65 Md. 479; 5 Atl. 427; *Kraft* v. *Elgan*, 76 Md. 243; 25 Atl. 469.    But even though the annual payment required under the lease can be considered as in the nature of interest, it is still not interest upon an " obligation " within the meaning of the Revenue Act, but would rather fall within the principles laid down in *Kansas City Southern Railway Co. et al.*, 16 B. T. A. 665, holding that interest due from the United States Government to railroads on the use of property during the period of Federal control is not interest on " obligations of the United States " as that term is used in the statute.

The further argument of petitioner is that the tax asserted by the respondent will hamper the local government in its efforts to obtain as low a rent as possible on its use of school lands, and, hence, is an interference with the exercise by the State of its sovereign powers and functions.    On this point are cited a number of cases on the well established doctrine of exemption of each government, and its instrumentalities, from taxation by the other and which is set forth in *Pollock* v. *Farmers Loan & Trust Co.*, 157 U. S. 429, in these words:

As the States cannot tax the powers, the operations, or the property of the United States, nor the means which they employ to carry their powers into execution, so it has been held that the United States have no power under the Constitution to tax either the instrumentalities or the property of a State.

For a full discussion of many of the cases involving this principle of exemption see *Coronado Oil & Gas Co.*, 14 B. T. A. 1214. Only a few cases, those which are most nearly in point, need discussion here. *Indian Territory Illuminating Oil Co.* v. *Oklahoma*, 240 U. S. 522, presented the question of the right of the State of Oklahoma to tax as a part of the property of the oil company a lease on tax-exempt Osage Indians lands, which lease the oil company had acquired by assignment. The court held the tax invalid, saying:

A tax upon the leases is a tax upon the power to make them, and could be used to destroy the power to make them.

This quotation followed a reference to *Choctaw & Gulf R. R.* v. *Harrison*, 235 U. S. 292, in which the State had attempted to collect a tax from the company, measured by its revenues from coal removed from the land of Indian wards of the United States under a lease made pursuant to an act of Congress. The tax was held invalid on the ground that the company was an instrumentality through which the United States was carrying out a duty to its wards.

*Gillespie* v. *Oklahoma*, 257 U. S. 501, holds invalid a State tax imposed on net income derived from operations under a lease of restricted Indian lands. The decision was put upon the same ground as the *Choctaw & Gulf* case, namely, that the operator of the leased land was an agency through which the United States was performing a duty to its wards.

In each of these cases it will be noted that there was involved a lease which was " the instrument which the government has chosen to use in fulfilling its task of developing to the fullest the lands and resources of its wards," *Heiner* v. *Colonial Trust Co.*, 275 U. S. 232, and " a tax upon the leases is a tax upon the power to make them," *Gillespie* v. *Oklahoma*, *supra*, p. 505. In the present case the lease to which the mayor and city council of Baltimore were parties was not founded upon any obligation such as rested upon the United States in the Indian lease cases above set out; nor is the tax asserted, even if it is on the power to make leases, invalid, as it is not asserted against the mayor and city council of Baltimore, but against the lessor, who clearly can not be said to have been performing any governmental function.

It must also be borne in mind that under the common law the lessor and lessee each has a separate estate in the land. *Viterbo* v. *Friedlander*, 120 U. S. 707; *Jetton* v. *University of the South*, 208 U. S. 489. In the latter case the opinion reads in part:

As long as different interests may exist in the same land, we think it plain that an exemption granted to the owner of the land in fee does not extend to an exemption from taxation of an interest in the same land, granted an owner of the fee to another person as a lessee for a term of years. The two interests are totally distinct, and the exemption of the one from taxation plainly does not thereby exempt the other.

Petitioner further calls attention to the clause of the lease providing that the rent covenanted to be paid is to be paid " over and above all deductions for taxes and assessments " and the provision whereby the mayor and city council covenant " to pay all taxes and assessments * * * on the said property and on the said yearly rent hereby reserved thereon." Petitioner argues that under these provisions he can require the mayor and city council to reimburse him for the amount of the deficiency asserted, and, therefore, the effect of sustaining the deficiency in tax will be to compel the City of Baltimore to pay an increased amount for the use of the land. It is a sufficient answer to this to say that these provisions of the lease amount to no more than to put the rent on a sliding scale. The respondent is not asserting a tax against the City of Baltimore and if the city reimburses the lessor for the taxes he is required to pay, it is not paying a tax, but merely meeting a contract obligation.

*Judgment will be entered for the respondent.*