Leo M. Klein, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Samuel Jackson, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 54584, 54585. Promulgated July 28, 1932.

*Lawrence Mattingly, Esq.*, for the petitioners.
*John D. Kiley, Esq.*, for the respondent.

OPINION.

BLACK: It is the contention of petitioners that the Revenue Act of 1928 specifically exempts from income tax interest on obligations of a state or any political subdivision thereof, and that the word "obligations" includes in its meaning the obligation of a political subdivision of a state to make just compensation for property taken under the power of eminent domain. The applicable part of the Revenue Act of 1928 is printed in the margin.[1]

The question involved in the present proceeding is ruled by our decision in *Kansas City Southern Railway Co.*, 16 B. T. A. 665; affd., 52 Fed. (2d) 372. In that case we held that interest paid a railroad company by the United States during the period of Federal control is not interest upon "obligations of the United States" within the meaning of section 213 of the Revenue Act of 1918, and was not exempt from taxation and should be included in gross income. The taking over of the railroads under the act of Congress

---

[1] [SEC. 22.] (b) *Exclusions from gross income.*—The following items shall not be included in gross income and shall be exempt from taxation under this title:

\*     \*     \*     \*     \*     \*     \*

(4) TAX-FREE INTEREST.—Interest upon (A) the obligations of a State, Territory, or any political subdivision thereof, or the District of Columbia  \*  \*  \*.

enacted in 1917 was an exercise of the power of eminent domain and the payment of compensation to the railroads was in pursuance of the constitutional requirement that just compensation shall be paid for private property taken for public use. We see no difference in principle in the question which we had before us for decision in *Kansas City Southern Railway Co.*, *supra*, and the one which we now have before us to decide.

The case of *H. Oliver Thompson*, 17 B. T. A. 987, involved the inclusion of ground rents from property leased to the city of Baltimore in gross income of the lessor. It was contended that rent was in the nature of interest and was an obligation of the city, but we held that even if rent could be considered as interest, it was not interest upon such an obligation as was meant in section 213 (b) (4) (A) of the Revenue Act of 1924, which is the same as section 22 (b) (4) of the 1928 Act.

The Board, in *American Viscose Corporation*, 19 B. T. A. 937; affd., 56 Fed. (2d) 1033, again passed on the meaning of the word " obligations," holding that it was restricted to obligations used for the purpose of borrowing money in the nature of bonds or similar securities. In that case we held that interest paid on a refund of taxes by the United States was not tax exempt.

The United States District Court for the Southern District of New York on June 13, 1932, in the case of *United States Trust Co.* v. *Anderson*, 60 Fed. (2d) 291, decided the precise question which we now have before us, and decided it against the contention here made by petitioners. The opinion of the court cites with approval our opinions and the opinions of the Circuit Courts of Appeals affirming us in the *Kansas City Southern Railway Co.* and *American Viscose Corporation* cases, *supra*.

Petitioners cite no case in support of their contention, but urge that the repeated reenactment of the statute without substantial change in its language amounts to an implied recognition and approval of prior executive construction of the statute. It is then suggested that Internal Revenue Office Decision No. 591, published in Cumulative Bulletin No. 3, p. 113, ruled that interest received on condemnation awards was exempt from taxation under section 213 (b) (4) of the Revenue Act of 1918, and that subsequent revenue acts adopted the same exemption features of the 1918 Act and thus approved its administrative construction. It should be pointed out, however, that the internal revenue office decision referred to above was expressly revoked by I. T. 2608, C. B. X–2, p. 342, following our decision in *Kansas City Southern Railway Co.*, *supra*, which latter ruling is as follows: " Office Decision 591, C. B. 3, p. 113, holding that interest on an award for property condemned for public

purposes by a municipality is exempt from income tax, is revoked, in view of General Counsel's Memorandum 10043 (page 124)."

From the authorities above cited, it follows that petitioners are properly taxable on the interest received by them on the condemnation awards and the determination of the deficiencies was correct.

*Decision will be entered for the respondent.*