MARY LINCOLN ISHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 54694.   Promulgated September 28, 1932.

*Harry J. Campaign, Esq., George L. Shearer, Esq.,* and *John A. Kratz, Esq.,* for the petitioner.
*C. A. Ray, Esq.,* for the respondent.

### OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency in income tax for 1927 of $310.93 and results from increasing the taxable income by an amount of $1,295.52, trustees' commissions received by the petitioner, which adjustment is not disputed.   The petitioner claims, however, that the tax for the year has been overpaid by reason of the fact that there was erroneously included in her return for that year an amount of $21,555.46 interest on an award made by the city of New York in condemnation proceedings.

The petitioner is a resident of the city of New York and the widow of Charles Isham, who died June 9, 1919.   His will was duly admitted to probate in New York and Vermont and by the terms thereof United States Trust Company of New York and the petitioner were duly appointed trustees of his residuary estate.   The will provides in part, as follows:

THIRD. All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath unto my wife, Mary Lincoln Isham and United States Trust Company of New York, in trust, nevertheless, to invest the same and keep the same invested: to collect and receive the income and profits arising therefrom, and to pay over the net income and profits to my said wife as long as she shall live, and upon her death I direct my said trustees to pay over said net income and profits to my son Lincoln Isham, as long as he shall live.

A portion of the real property belonging to the estate was situated in New York City and this property was condemned in 1925 by the city of New York for park purposes, the city taking title thereto as of April 21, 1925.   Thereafter, an award for said property was made by the city and the award with interest thereon was paid by checks.   On January 31, 1927, the total of these checks made payable to the trustees of the estate of Charles Isham amounted to $223,682.18.   Of this amount, $202,126.72 represented the principal amount of the award for the property and $21,555.46 represented

interest from the date of the taking of title on April 21, 1925, to the date of payment, January 31, 1927.

The trustees, considering that the interest belonged to the petitioner as life beneficiary, paid the same over to her in 1927. The petitioner returned the same on her income-tax return as taxable income received in the year 1927. The respondent has likewise treated the interest in question as taxable income in the determination of the deficiency of $310.93.

The sole question presented by this proceeding is whether the amount of the interest received by the petitioner as life beneficiary in the year 1927 from the trustees of the estate of her deceased husband constitutes taxable income within the meaning of the taxing statute. The petitioner contends that it represents interest paid to her upon an obligation of the city of New York and that as such it is exempt from income tax under section 213 (b) of the Revenue Act of 1926 which provides, so far as pertinent, as follows:

(b) The term "gross income" does not include the following items, which shall be exempt from taxation under this title:

\* \* \* \* \* \* \*

(4) Interest upon (A) the obligations of a State, Territory, or any political subdivision thereof, or the District of Columbia; or (B) securities issued under the provisions of the Federal Farm Loan Act, or under the provisions of such Act as amended; or (C) the obligations of the United States or its possessions. Every person owning any of the obligations or securities enumerated in clause (A), (B), or (C), shall, in the return required by this title, submit a statement showing the number and amount of such obligations and securities owned by him and the income received therefrom, in such form and with such information as the Commissioner may require. In the case of obligations of the United States issued after September 1, 1917 (other than postal savings certificates of deposit), the interest shall be exempt only if and to the extent provided in the respective Acts authorizing the issue thereof as amended and supplemented, and shall be excluded from gross income only if and to the extent it is wholly exempt to the taxpayer from income taxes.

The interest in question was computed and paid under the provisions of section 976 of the charter of Greater New York City, which deals with the vesting of title in the city to real property taken for streets or parks or other purposes, and, so far as material, provides as follows:

\* \* \* Upon the date of the entry of the order granting the application to condemn, or upon the date of the filing of such oaths, as the case may be, or upon such subsequent date as may be specified by said board, the city of New York shall become and be seized in fee of, or of the easement in, over, upon or under, the said real property described in said resolution, as the board of estimate and apportionment may determine, the same to be held, appropriated, converted and used to and for such purpose accordingly. In such cases interest at the legal rate upon the sum or sums to which the owners are justly entitled upon the date of the vesting of title in the city of New York, as aforesaid, from said date to the date of the final decree of the court or to the date of the report

of the commissioners of estimate, as the case may be, shall be awarded by the court or by the commissioners, as the case may be, as part of the compensation to which such owners are entitled. * * *

The property here involved was taken over by the city of New York on April 21, 1925. Its value as of that date was determined to be $202,126.72, which amount was awarded by the court on January 13, 1927, together with interest, amounting to $20,886.43, on that sum from the date of taking to the date of the court's decree. Payment of the award was made by check dated January 31, 1927, and included $669.03 as interest for the period January 13 to January 31, 1927.

Interest on the value of the property taken, down to the date of the confirmation of the report, is therefore part of the due compensation to which the owner is entitled under the Constitution. [Article 1, § 6 of the Constitution of the State of New York.]

But interest on the award after the date of confirmation is no part of the due compensation required to be made to the owner in fulfilment of the constitutional requirement. That is a penalty imposed for failure to pay promptly on proper demand, after the confirmation of the report, and is regulated by section 11, c. 1006, Laws of 1895, dealing with street-closing proceedings * * *. [In re Westchester Ave. in Borough of Bronx, 216 N. Y. S. 730, 732, decided July 6, 1926.]

See also In re West 151st Street in City of New York, 222 N. Y. 370; 118 N. E. 807.

The question for our consideration in this proceeding is whether the phrase "obligations of a State, Territory, or any political subdivision thereof" includes every obligation of a state or political subdivision thereof upon which interest is paid, or only those obligations where a tax upon the interest might be assumed to impose a burden upon the state or political subdivision thereof, or be a substantial interference with their governmental operations. A somewhat cognate question was before the Supreme Court in *Hibernia Savings & Loan Society* v. *San Francisco*, 200 U. S. 310. In that case the city of San Francisco sought to collect a general property tax upon warrants for the payment of interest upon United States bonds owned by the plaintiff. Section 3701 of the Revised Statutes declared that "all stocks, bonds, treasury notes, and other obligations of the United States, shall be exempt from taxation by or under state or municipal or local authority." The petitioner claimed that under this statute the warrants in question were exempt from taxation by the city of San Francisco. The court in its opinion stated:

* * * The basis of this exemption is the fact that a tax upon the obligations of the United States is virtually a tax upon the credit of the Government. and upon its power to raise money for the purpose of carrying on its civil and military operations. The efficiency of the Government service cannot be impaired by a taxation of the agencies which it employs for such service, and, as

one of the most valuable and best known of these agencies is the borrowing of money, a tax which diminishes in the slightest degree the value of the obligations issued by the Government for that purpose impairs *pro tanto* their market value.

The court held that while the warrants were obligations of the United States, and within the letter of section 3701, they were not within its spirit and therefore were proper subjects of taxation by the city of San Francisco.

Consonant with the *Hibernia Savings & Loan Society* case, it must be held that the basis for the exemption from Federal income tax of interest upon the obligations of a state or political subdivision thereof is that a tax upon the interest of such obligations is virtually a tax upon the credit of the state government or a political subdivision thereof and upon its power to raise money for the purpose of carrying on its operations.

We can not see how a tax upon the interest paid on a condemnation award is any burden upon the state or political subdivision thereof. This was the view taken by the District Court for the Southern District of New York in the case of *United States Trust Co.* v. *Anderson*, 60 Fed. (2d) 291, and has been followed by this Board in *Klein et al.*, 26 B. T. A. 745. Those decisions must be held determinative of the issue presented in the proceeding at bar.

The petitioner further contends in this proceeding that if the interest received upon the condemnation award is taxable, she should not be taxed at a rate of more than 12½ per cent of the amount of the interest received, upon the ground that the interest is in reality a part of the compensation received from the property and that inasmuch as the trustee paid a tax of only 12½ per cent upon the profit realized from the sale of the property she, as life beneficiary, should not be required to pay a greater amount upon the portion of the compensation received by her.

We are of the opinion that the contentions of the petitioner upon this point are not well founded. As life beneficiary she was entitled to receive the income from the trust property and the trustees treated the amount of interest received as income and paid the same to her. As life beneficiary she was not the owner of the property. She only received from the trustee the income upon the property. We can see no reason for treating the interest income differently from the other income of the trust in the hands of the petitioner. Finding no error in the computation of the deficiency by the respondent,

*Judgment will be entered for the respondent.*