MENDOL BANDES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVE-
NUE, RESPONDENT.

LOUIS BANDES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE
RESPONDENT.

Docket Nos. 58882, 58883.   Promulgated May 16, 1933.

*Allen G. Gartner, Esq.*, for the petitioners.
*C. A. Ray, Esq.*, for the respondent.

OPINION.

STERNHAGEN: For the calendar year 1928, the Commissioner determined a deficiency in the income tax of Mendol Bandes of $4,331.92, and of Louis Bandes of $4,247.85. The Commissioner determined that the gain in that year resulting from the condemnation of land was taxable, and that the circumstances were not within section 112 (f), Revenue Act of 1928, providing for the nonrecognition of gain or loss.

The petitioners, in August 1926, being engaged generally in such business, purchased, with one Ratner, in three equal shares, a parcel of land facing on one side on Nagle Avenue and on the opposite side on Hillside Avenue, in New York City, intending to erect an apartment building. Of the total cost, the combined shares of the two petitioners was $35,228.86.

They learned sometime in December that the property was to be taken by the city for a school site. The condemnation proceeding

was begun January 20, 1927, and title was taken February 24, 1927. The total award to petitioners and Ratner was $166,910, of which $111,273.97 was the petitioners' share. This award was confirmed June 18, 1928, to which was added interest from February 24, 1927, of $8,993.96, and this total amount of $120,267.93 was received by petitioners on July 6, 1928. Of this amount, $115,000 or more was advanced to the Naside Construction Co., of which the two petitioners owned the entire outstanding 90 shares in equal proportions of 45 shares each. This corporation was the holder of mortgages, and the petitioners were continually engaged in advancing money to the corporation and being repaid out of the moneys received by the corporation on account of its mortgages.

After the petitioners learned of the prospective condemnation, they looked for other lots upon which to build an apartment house, but they were unable to find a parcel of equivalent size. By three contracts made in January and February 1927, before the condemnation award, they agreed to buy three adjoining pieces of land located at 165th Street and Walton Avenue, deeds to which were recorded respectively in February and April 1927. The aggregate cost of the combined parcel was $58,000. This property was transferred to the Naside Construction Co. by a deed recorded May 19, 1927. By two other contracts made in February and May 1927, they agreed to buy two adjoining pieces of land at Jerome and Anderson Avenues, deeds to which were recorded respectively in March and May 1927. The aggregate cost of this combined parcel was $60,000. This, too, was transferred to the Naside Construction Co. by deed recorded May 19, 1927. These two groups were not contiguous but were separately situated, and their area added together was slightly greater than the area of the Nagle and Hillside property. An apartment was built on the Jerome Avenue property, but it does not appear what use was actually made of the Walton Avenue property.

The petitioners contend that no gain may be recognized for tax purposes in the receipt of the condemnation award and interest, because the Jerome property and the Walton property were similar or related in service or use to the condemned property. Section 112 (f), Revenue Act of 1928, upon which they rely, and article 579, Regulations 74, appear in the margin.[1] That they are not literally

---

[1] SEC. 112. RECOGNITION OF GAIN OR LOSS.

\*    \*    \*    \*    \*    \*    \*

(f) *Involuntary conversions.*—If property (as a result of its destruction in whole or in part, theft, or seizure, or an exercise of the power of requisition or condemnation, or the threat or imminence thereof) is compulsorily or involuntarily converted into property similar or related in service or use to the property so converted, or into money which is forthwith in good faith, under regulations prescribed by the Commissioner with the

within the terms of either the statute or the regulations which the statute expressly sanctions, seems plain and is tacitly recognized by the petitioners in their argument that the distinction between them and the Naside Construction Co. should be disregarded. When it is noted that the Walton Avenue property was all contracted for and two parts of it actually acquired before the application for condemnation of the Nagle Avenue property had been approved and title passed, and also that all of the Walton property and the Jerome property had been fully acquired and turned over to the Naside corporation more than a year before the condemnation award was paid to the petitioners, it is clear that the Nagle Avenue property was not itself converted into such other property, and also that the money received for the Nagle property was not itself expended for such other property.

But there may be room for doubt whether the statute is to be so strictly read as to preclude its application to a case where the taxpayer has been forehanded enough to provide for the replacement without waiting for the ultimate and complete consummation of the condemnation and payment. How important the precise sequence of events alone may be under this statutory provision need not be decided in this proceeding. These petitioners were not in the position where, to put themselves where they would have been but for the condemnation, they used the proceeds of the award to buy similar property or to pay for such property which they had already bought. So far as this record shows, the two latter parcels were bought and paid for with separate and free funds and sold to the Naside corporation, a transaction like others in which the petitioners were customarily engaged. The condemnation compensation was not used either to buy or to pay for similar property, but was in-

approval of the Secretary, expended in the acquisition of other property similar or related in service or use to the property so converted, or in the acquisition of control of a corporation owning such other property, or in the establishment of a replacement fund, no gain or loss shall be recognized. If any part of the money is not so expended, the gain, if any, shall be recognized, but in an amount not in excess of the money which is not so expended.

ART. 579. *Involuntary conversion of property.*—Section 112 (f) deals with cases in which property is compulsorily or involuntarily converted into similar property, or into money, as a result of fire, shipwreck, theft, condemnation, or similar causes enumerated in the Act. If the property so destroyed, stolen, seized, or condemned is replaced in kind by similar property or property related in service or use, no gain or loss is recognized. If, however, the original property is compulsorily or involuntarily converted into money, gain or loss will be recognized unless the money is forthwith, under regulations prescribed by the Commissioner with the approval of the Secretary, expended—

(1) In the acquisition of other property similar or related in service or use to the property so converted,

(2) In the acquisition of control of a corporation owning such other property, or

(3) In the establishment of a replacement fund.

If any part of the money is not so expended, the gain, if any, shall be recognized, but in an amount not in excess of the money which is not so expended. See article 601 for the basis for determining gain or loss from the sale or other disposition of the property so acquired.

vested in a loan to the Naside corporation, a separate entity, *Burnet v. Clark*, 287 U.S. 410. Nothing in such circumstances indicates the enforced transaction or the hardship which this provision of the statute was designed to alleviate. *Paul Haberland*, 25 B.T.A. 1370. The petitioners were fortunate enough to profit by the condemnation of their property, and we see no reason to believe that by section 112 (f) Congress intended to relieve them of the normal resulting tax.

As to the amount of $8,993.96 called interest on the award, there is no reason for a different answer. If the amount is not strictly interest but, as it seems to be, a part of the award, *Mary Lincoln Isham*, 26 B.T.A. 1040, it is properly included in the measure of taxable gain. If, however, it be interest, it is taxable as such and not within the category of tax-exempt interest on state or municipal obligations, *Kansas City Southern Ry. Co.* v. *Commissioner*, 52 Fed. (2d) 372.

*Judgment will be entered for the respondent.*