WALDORF ASTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 64269. Promulgated January 9, 1935.

*Russell L. Bradford, Esq.*, and *George H. Craven, Esq.*, for the petitioner.

*F. R. Shearer, Esq.*, for the respondent.

### OPINION.

MURDOCK: The Commissioner determined a deficiency of $76,114.63 for the calendar year 1929. Two issues are presented for decision by the Board. The facts have been stipulated. The first issue is whether or not the interest which the petitioner received from the city of New York upon a condemnation award is income from sources within the United States to a nonresident alien. The two principal arguments advanced by the petitioner relating to the meaning of the words "obligations" and "resident" as used in section 119(a)(1) were fully answered by the Supreme Court in two recent cases. *Helvering* v. *Stockholms Enskilda Bank*, 293 U. S. 84; *British-American Tobacco Co., Ltd.* v. *Helvering*, 293 U. S. 95.

Counsel for the petitioner has made one argument, however, which is not affected by those two cases. He argues that the interest on the condemnation award was not in truth interest, but a part of the award of just compensation for the taking of the property and, therefore, it would not be taxable as interest under section 119(a)(1) of the Revenue Act of 1928. The Commissioner has made a similar

argument in prior cases in an effort to resist taxpayers' contentions that interest on a condemnation award was tax-free interest since it was interest upon the obligations of a state, territory, or political subdivision thereof. The Board, in deciding some of those cases, referred to the reasoning and authorities which the present petitioner now advances. See *Mendol Bandes*, 28 B. T. A. 99; *Mary Lincoln Isham*, 26 B. T. A. 1040. However, the Board did not rely upon this reasoning in those cases and based its decision upon its conclusion that the word " obligations " in the act did not include the liability of a sovereign for just compensation for property taken by condemnation. Those cases and the authorities cited for the proposition that interest upon the sum to which an owner is entitled at the date upon which title to the condemned property vests in the sovereign, to the date of the final award, is a part of the just compensation to which the owner is entitled, are not necessarily in point here. Cf. *Helvering* v. *Stockholms Enskilda Bank, supra*. The authorities do not hold that the amount of the just compensation does not include interest or that a part is not interest for Federal income tax purposes. The amount here in controversy was awarded as interest. The condemned property had been held in trust for the benefit of the petitioner, a life tenant, and both the fiduciary and the petitioner reported the amount as interest. The parties to this proceeding have stipulated in part as follows in regard to this item:

In a condemnation proceeding which was instituted by the City of New York, a political subdivision of the State of New York, the said The Farmers' Loan and Trust Company, as trustee under said two deeds of trust, was awarded against and received from the City of New York the principal sum of $1,509,875.00, together with interest thereon of $415,622.85, for the interest of the said trusts in certain lands held therein which were situated in the City of New York and which were condemned and taken for public park purposes by the City of New York under the exercise of its sovereign right of eminent domain. The said principal sum and interest were paid to the trustee of said trusts by the City of New York in the year 1929. Of the said respective amounts paid and received for principal and interest, one-half thereof belonged to and was received by the said trust for the benefit of the petitioner, and the other one-half belonged to and was received by the said trust for the benefit of John Jacob Astor.

However, the result will be the same whether the item in controversy is treated as interest or whether it is treated as something else. The record does not contain evidence of the applicable basis for gain or loss on the condemned property or of the gain or loss resulting from the condemnation. But the record does show that the amount in question was distributable to the petitioner. It was claimed as a deduction on the fiduciary return. Counsel for the petitioner seems to concede that, if the item is taxable to any one, it is taxable to the petitioner. It was not tax-free income, and, without information

in addition to that contained in the stipulation, we can not say that it was not properly included in the petitioner's income even though it was not interest. Cf. *Mendol Bandes, supra;* affd., 69 Fed. (2d) 812; certiorari denied, 293 U. S. 568. It is not necessary to discuss further arguments advanced by the respondent to sustain his action. Decision on this point is for the respondent.

The second issue is the determination of the correct amount of a deduction to be allowed for British taxes paid on income from sources within the United States. The petitioner had some income consisting of interest on bonds of the United States Government and municipal bonds of municipalities in the United States. This interest was exempt from Federal income tax. The petitioner paid taxes in 1929 to the Kingdom of Great Britain on income received by him in the United States in years prior to 1929. This income upon which he was taxed in Great Britain consisted not only of income which was taxable as income in the United States but also of interest which was tax-exempt in the United States. The Commissioner does not deny that the petitioner is entitled to a deduction on account of the tax paid to the Kingdom of Great Britain in so far as that tax related to income taxable in the United States, but he will not allow a deduction for taxes paid on interest which was tax-free in the United States. The petitioner contends that he is entitled to deduct all of the taxes which he paid in 1929 to the Kingdom of Great Britain on income received in the United States, regardless of whether it was taxable income or tax-free interest under the revenue acts of the United States.

The petitioner is a nonresident alien individual and his income tax liability must be determined under Supplement H of the Revenue Act of 1928. Section 212 of that supplement provides that gross income of a nonresident alien individual " includes only the gross income from sources within the United States." The definition of gross income from sources in the United States is found in section 119 (a), which provides that " The following items of gross income shall be treated as income from sources within the United States ", listing thereunder various items which would be included in the general definition of gross income contained in section 22 (a) of the act. It is obvious, from the use of the words " gross income " in section 119 (a), that the gross income of a nonresident alien individual from sources within the United States is defined by reference to the general definition of gross income in section 22 (a) and contains no items which would not be included in the latter definition. Section 22 (b) provides that certain items, including tax-free interest, such as is involved in the present case, shall not be included in gross income and shall be exempt from taxation under Title I of the

Revenue Act of 1928. Thus, tax-free interest is not a part of gross income for any purpose material hereto and is not a part of the petitioner's gross income from sources within the United States.

The petitioner's net income from sources in the United States must be determined under section 119 (b), which provides:

(b) *Net income from sources in United States.*—From the items of gross income specified in subsection (a) of this section there shall be deducted the expenses, losses, and other deductions properly apportioned or allocated thereto and a ratable part of any expenses, losses, or other deductions which can not definitely be allocated to some item or class of gross income. The remainder, if any, shall be included in full as net income from sources within the United States.

In speaking of "other deductions" this provision must refer to items deductible under section 23. That section allows as a deduction taxes paid or accrued within the taxable year, with certain exceptions not material here. But a nonresident alien individual is not permitted to deduct, under section 119 (b), all of his taxes paid or accrued within the taxable year, but only such part of those taxes as may be "properly apportioned or allocated" to the items of gross income specified in section 119 (a) or a ratable part thereof in case no such allocation is possible. See section 213 (a). The petitioner is asking for a deduction not allowed by section 119 (b), since his gross income does not include tax-free interest. It seems to be agreed by the parties in this case that a definite allocation or apportionment of the British taxes to taxable income is possible. They have stipulated the portion of the taxes paid in 1929 to the Kingdom of Great Britain which related to the petitioner's taxable income from sources within the United States under the Federal income tax statutes of the United States. This part and this part only of the taxes which he paid to the Kingdom of Great Britain in 1929 is allowed to him as a deduction under section 119 (b).

The General Counsel of the Bureau of Internal Revenue promulgated a memorandum, G. C. M. 3179, C. B. VII–1, p. 240, describing the method which he approved for determining a deduction for British income taxes paid by a nonresident alien individual in connection with income from sources within the United States. That memorandum need not be fully reviewed here. It is unfavorable to the contention which the present petitioner makes. The petitioner argues that that ruling must be disregarded because it is in conflict with the law. He argues that tax-free income may not be taxed indirectly by means of imposing upon taxable income additional burdens by reason of the fact that the taxpayer has tax-free income. Congress had the constitutional power to impose an income tax on all of the petitioner's taxable income from sources within the United States without allowing any deductions. The deductions allowed

were a matter of grace on the part of Congress. The deduction allowed for taxes was limited by Congress to that portion of the income taxes paid by the petitioner to the Kingdom of Great Britain which related to the petitioner's gross income as specified in subsection (a) of section 119 of the Revenue Act of 1928. This gross income did not include the tax-free interest. This is not an indirect method of taxing tax-free interest. Cf. *Victor G. Marquissee*, 11 B. T. A. 334; affd., 47 Fed. (2d) 32. It is a recognition through a deduction of one of the items which will reduce his income taxable in the United States. There was no need for Congress to allow a deduction on account of British taxes on his tax-free interest from the United States. If Congress had allowed such a deduction, it would have permitted payment of his British tax on interest tax-free in the United States at the expense of the United States Government.

*Decision will be entered under Rule 50.*