Continental Realty Company v. Commissioner.
Continental Realty Co. v. Commissioner
Docket No. 80.
United States Tax Court
1944 Tax Ct. Memo LEXIS 398; 3 T.C.M. (CCH) 27; T.C.M. (RIA) 44010; January 17, 1944
*398 George L. Cassidy, Esq., for the petitioner. Melvin S. Huffaker, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: The Commissioner determined the following deficiencies in the taxpayer's income and excess profits taxes: Declared Value
Income Tax
Excess Profits Tax
1939
$ 222.43
1940
1,420.45
$1,040.73
1941
12,418.86
3,744.48
The only item which the taxpayer assails is the recognition of gain in 1941 in the proceeds of insurance resulting from a fire loss. The facts are stipulated, and it is necessary only to state those which affect the disputed item. Both parties agree that the question of depreciation originally at issue is now controlled by Virginian Hotel Corporation of Lynchburg v. Helvering, 319 U.S. 523. The Commissioner's determination in that respect is sustained. [The Facts] The taxpayer filed its income tax returns in Detroit, Michigan. The Willard Block, an old building in Muskegon, Michigan, had been acquired by the taxpayer in 1917 at a cost of $50,000. The lower floor of the old building had been vacant and the upper floors had been rented as a cheap hotel. On December 2, 1940, *399 the building was destroyed by fire. By reason of accumulated depreciation of $48,700, the cost basis was reduced to $1,300. Insurance compensation of $33,648.40 was received between January 21, 1941, and February 25, 1941, and expenses of $1,321.66 reduced the proceeds to $32,326.74, of which the undisputed gain was $31,026.74. The taxpayer immediately began consideration of a new structure to replace the destroyed building, and had no thought of different service or use of any new building to be erected. In January, 1941, the construction of a bowling alley was considered; and the insurance proceeds, when received in January and February, 1941, were at once deposited in the taxpayer's general bank account. In April, 1941, the taxpayer made a contract with an architect, and in May, 1941, "contacted" builders to erect a bowling alley building. The building was erected, and in August, 1941, a 10-year lease was made, effective upon completion, and rents began in February, 1942. The bank which financed the construction of the building required that petitioner's existing note of $23,153.33 be first discharged. The note was paid on June 21, 1941, by a check on the general bank account. *400 The taxpayer contends that the gain realized by it in 1941 in the receipt of the insurance proceeds may not be recognized, since, as provided in Section 112(f), Internal Revenue Code, the money thus received was forthwith in good faith, under the regulations, expended in the acquisition of other property similar or related in service or use to the property so converted. The Commissioner held that the proceeds were not so expended, and hence that the gain of $31,026.74 (the computation is unchallenged) may not escape recognition. The only question which remains at issue is whether, as shown by the evidence, the insurance proceeds were in fact expended for the construction of the bowling alley building. We may take it, arguendo, therefore, that the replacing building was similar or related in service or use to the building destroyed; that the destroyed building was replaced forthwith and in good faith, and that the regulations were in this respect complied with. Nevertheless, it must be held it has not been shown by the evidence that the insurance proceeds were expended for the acquisition of the new building. When the net proceeds of $32,326.74 were received in January and February, *401 1941, the taxpayer had a general bank balance of around $4,000. The taxpayer then was indebted to the bank for $23,153.33 on an old note. This amount the bank required to be liquidated before it would participate in the financing of the new building. When the insurance proceeds were deposited in the taxpayer's general bank account, the note to the bank was paid, and it is beyond doubt, therefore, that to the extent of the note indebtedness, $23,153.33, such amount came out of the bank balance, with the possible mathematical exception of the amount already on deposit. Since to this extent the insurance proceeds were used to pay the taxpayer's note, they cannot be found to have been expended for the acquisition of the new building. The evidence shows nothing to indicate more clearly that any of the remaining part of the insurance proceeds were expended for such construction, although there might be room for argument that the $500 architect's fee should be so regarded. During 1941, the taxpayer borrowed more money, and it may be that all of it and no more was used for the construction of the replacing building. This would preclude the idea that any of the insurance proceeds were so used. *402 So far as appears, all of the insurance proceeds were used for entirely different purposes from the replacement of the destroyed property. Hence it cannot be said that the Commissioner's determination was incorrect, and it is sustained. Subsection 112(f) is a special alleviatory provision, available to the taxpayer who brings himself within its clear intendment as expressed in its prescribed terms. While the statute itself should be liberally construed, one who leaves substantial doubt as to whether the money received in an involuntary conversion of property was in fact expended in the acquisition of similar property does not bring himself within the exceptional alleviation of the special provision and leaves himself subject to the taxation resulting from the recognition of the gain resulting from the conversion. The rule of liberal construction of the statute does not require a liberal application to doubtful or unproven facts. Cf. Bandes v. Commissioner, 69 Fed. (2d) 812, affirming 28 B.T.A. 99; Frischkorn Development Co., 30 B.T.A. 8, affirmed 88 Fed. (2d) 1009; *403 Washington Railway & Electric Co., 40 B.T.A. 1249. Decision will be entered under Rule 50.