John L. Labkin, J.
Defendant moves for: removal of this matter to the Court of Claims, or changing venue from Albany County to Jefferson County pursuant to CPLR 510, a further bill of particulars pursuant to CPLR, 3042, a protective order vacating plaintiff’s motion to produce records and take deposition upon oral examination, and for such other and further relief as to the court may seem just and proper. The plaintiff moves: that defendant’s answer be stricken, for summary judgment, for an order directing an assessment of damages, or in the alternative for an order directing defendant to appear for an examination before trial with records, and for such other and further relief as to the court may seem just and proper.
On October 11, 1967 the plaintiff appropriated the defendant’s property pursuant to section 30 of the Highway Law by filing an appropriation map in the County Clerk’s Office of the County of Jefferson. On February 8, 1968 personal service of the notice of appropriation and copy of the appropriation map was served on defendant and the two tenants; Dunk, Con-boy, McKay & Bachman, a law firm, and Montgomery & Moran, an architectural firm, it appearing that both of said firms had some interest or control of the corporate defendant. On February 21, 1968 the County Clerk certified that on said date he caused the affidavit of personal service of notice of appropriation to be filed and recorded in his office. On March 7, 1968 *512 representatives of the parties hereto were unsuccessful in entering into a rental agreement. On April 3, 1968 plaintiff served defendant with a “ notice to quit ”. On April 11, 1968 by Claim No. 49470 the defendant filed a claim against the plaintiff for the appropriation of its property in the sum of $625,000. On April 30, 1968 the parties entered into a partial payment agreement. On July 25, 1969 the defendant vacated the premises appropriated. Subsequently, and by an ‘ ‘ Agreement of Adjustment ” signed by the defendant on August 28, 1970 and signed by the plaintiff’s representatives on September 17, 1970 and September 30, 1970 the defendant entered into a contract of settlement of their appropriation claim which provided for the payment of the total sum of $280,565 including the prior partial payment, and also transferred ownership of certain office fixtures.
Thereafter on October 7, 1970, after the defendant had settled its appropriation claim, the plaintiff commenced an action against the defendant in Supreme Court, Albany County, for the fair and reasonable value of the use and occupancy of the appropriated property for the period March 15,1968 to July 25, 1969 and by its amended complaint makes claim at the rate of $1,200 per month for a total of $19,600. The said claim was made pursuant to subdivision 13-c of section 30 of the Highway Law.
There is no dispute between the parties that the defendant occupied the premises for the period of time for which the plaintiff seeks payment for the “ fair and reasonable value of such holding ’ ’.
One main issue which is in dispute between the parties is the quantum and proper measure of such value. The documents before this court indicate considerable controverted material addressed to the question of the measure of “ the fair and reasonable value of such holding, use or occupancy ’ ’ as provided for in subdivision 13-c of section 30 of the Highway Law. Some of the criteria to be considered by the court in making such an evaluatiofi have been set forth in the case of Falso Heating & Sheet Metal Co. v. State of New York (59 Misc 2d 12). The resolution of these issues raised by the parties herein are proper issues for the trial court to determine.
The parties in this motion have also submitted some considerable written argument on the question of the status of the defendant after the expiration and notice thereof, the liability of the defendant including its liability under the common law and the liability of trespassers. The court notes the decisions of Geist v. State of New York (3 Misc 2d 714) and Walker v. *513 State of New York (15 Misc 2d 4), which decisions predated the enactment of subdivision 13-c of section 30 of the Highway-Law, which law was first enacted in its original form by chapter 747 of the Laws of 1964.
Subdivision 13-c of section 30 of the Highway Law now states as follows: ‘ ‘ Any other provision of law to the contrary notAvithstanding, the former owner, tenant or other party holding, using or occupying property acquired pursuant to this section shall be liable to the state for the fair and reasonable value of such holding, use or occupancy from the date of service of a copy of the description and map and notice of appropriation as provided in this section upon such former OAvner, tenant or other party, to the date the property is vacated and possession surrendered to the state.”
As to the defendant’s request for the removal of this matter to the Court of Claims, section 9 of article VI of the Constitution of the State of New York provides: “ 9. Court of Claims; jurisdiction * * * The court shall have jurisdiction to hear and determine claims against the state or by the state against the claimant ”. (Italics supplied.)
Subdivision 3 of section 9 of the Court of Claims Act, in setting forth the jurisdiction of that court, provides: “3. To hear and determine any claim in favor of the state against the claimant.” (Italics supplied.)
The defendant, having settled its claim against the plaintiff, is no longer party “ claimant ” and the Court of Claims would not, therefore, at this stage of the proceedings, have jurisdiction of the action which is before this court.
With regard to defendant’s application for a change of venue from Albany County to Jefferson County pursuant to CPLB, 510, the defendant has failed to show adequate grounds for such requested removal.
The bill of particulars submitted by the plaintiff is adequate to apprise the defendant of the plaintiff’s course of action and to prevent any surprise to the defendant. While the defendant may not agree with the plaintiff’s approach to value, the probity and admissibility of plaintiff’s offered proof will be ruled upon by the trial court. The plaintiff has the right to the requested examination before trial and the production of the requested records. Again, while the defendant may not agree with plaintiff’s theory of proof, the information sought by the plaintiff may have some probative value in arriving at fair and reasonable value. It will rest with the trial court as to the admissibility and weight to be given to the data sought by the plaintiff at the plenary trial of the action in chief.
*514 Accordingly, the court finds, as to the defendant’s motions as follows: a denial as to the removal of this matter to the Court of Claims, a denial as to the change from Albany County to Jefferson County, a denial of a further bill of particulars, a denial of a protective order vacating plaintiff’s motion to produce records and take a deposition; and, as to the plaintiff’s motions the court determines as follows: plaintiff’s motion is granted to the extent that summary judgment is granted to plaintiff (Highway Law, § 30, subd. 13-c) and the case is remanded for assessment of damages at which time the defendant may offer proof of such setoffs and claims in mitigation as are contained in paragraphs -5 and 6 of the answer herein.
The motion for an order directing the defendant to appear with records for an examination before trial pursuant to notice already served is granted. The examination before trial is to be held at 135 Washington Avenue, Albany, New York on January 26,1972 at 1:00 p.m., or such earlier time as the parties may agree.