■ STATE OF NEW YORK, Appellant, v ROY A. MALLETTE et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered July 20, 1983 in Albany County, which *inter alia,* denied plaintiff's cross motion for summary judgment. ¶ The State of New York commenced this

action to recover $2,800 in rent due from defendants for the use and occupancy of property which had belonged to defendants but which the State had appropriated. Defendants admit in their answer that the State appropriated the property on February 25, 1982, that they were served on December 14, 1981 with a rental notice from the State calling for rent of $350 per month for the use and occupancy of the property, and that they failed to pay such rent for the months of March, 1982 through October, 1982, when they vacated the property. Defendants claimed that they were not liable for such rent because the State, through its agents, promised defendants that no rent would be due until defendants received payment for the appropriation of their property, which receipt did not occur until September 27, 1982. Defendants moved for a change of venue to Onondaga County, where the property and witnesses were located, and the State cross-moved for summary judgment. Special Term granted the motion for change of venue and denied the cross motion for summary judgment, finding issues of fact concerning the existence of an agreement as claimed by defendants and denied by the State. This appeal by the State followed. ¶ EDPL 305 (subd [A]) provides: "A condemnee, tenant or other person holding, using or occupying property acquired pursuant to this chapter, shall be liable to the condemnor for the fair and reasonable value of such holding, use or occupancy from the date of acquisition to the date the property is vacated and possession surrendered to the condemnor." Any representations made by an official or employee of the State designed to circumvent his statutorily imposed mandate would be ineffectual (see *State v Vedder,* Supreme Ct, Albany County, Sept. 28, 1978, Miner, J.; see, also, *Matter of Leizer v Ambach,* 91 AD2d 1117, 1118, mot for lv to app den 58 NY2d 611; 21 NY Jur, Estoppel, Ratification and Waiver, § 76, pp 110-112). Thus, defendants, having admitted that the property was acquired by the State on February 25, 1982 and that they vacated the property in October, 1982, are liable under EDPL 305 (subd [A]) for the fair and reasonable value of their use and occupancy of the property during this period, notwithstanding any representations by officials or employees of the State to the contrary. Inasmuch as defendants do not challenge the assessment of $350 per month as fair and reasonable rent, the State should have been granted summary judgment. This disposition renders the motion for change of venue academic. ¶ Order reversed, on the law, without costs, and plaintiff's cross motion for summary judgment granted. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.