■ STATE OF NEW YORK, Appellant, v NORTH SHORE ENERGY SAVER, INC., Respondent. — Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered December 16, 1983 in Albany County, which granted defendant's motion to dismiss the complaint. ¶ The State appropriated portions of defendant's property on November 6, 1980 and again on July 28, 1981. Defendant, however, remained in possession. In August, 1981, the State served upon defendant a "rental notice" demanding payment of $225 per month, that being the amount claimed by the State to be the fair rental value of the occupied premises. On November 4, 1981, the State commenced a summary proceeding, pursuant to article 7 of the RPAPL, in the District Court of the County of Nassau to recover possession of the property. A final judgment entered in that proceeding on November 16, 1981 incorporated an agreement arrived at prior to trial whereby the parties stipulated, *inter alia,* that defendant would be permitted to continue to occupy the property through January 31, 1982; immediate possession was not awarded to the State and no provision was made for the payment of any rent. ¶ In March of 1983, after defendant was out of possession, the State brought this action demanding $1,462.50 as rental for the use and occupancy of the appropriated property for the period from August 1, 1981 through February 18, 1982. Special Term granted defendant's motion to dismiss the complaint because it was of the view that the State's failure in the prior summary proceeding to demand rent for the period of August 1 through November 16, 1981 barred the present claim by action of *res judicata,* and further, that payment for the period after the

November 16, 1981 judgment was governed by the stipulation which made no provision for rent. ¶ We affirm. In determining the reach of res judicata, a transactional analysis is to be employed (O'Brien v City of Syracuse, 54 NY2d 353, 357). By this approach, once a cause of action arising out of a "factual grouping" and "transaction" has been finally determined, all other claims arising out of the same "factual grouping" or "transaction" are also barred (Smith v Russell Sage Coll., 54 NY2d 185, 192). In this instance, both the summary proceeding and this action for rent involve identical parties and arise out of defendant's possession of the very same State-appropriated property for essentially the same period of time. ¶ In the summary proceeding where relief may have included "a judgment for rent due, and * * * a period of occupancy during which no rent is due" (RPAPL 741, subd 5), the State had the opportunity to sue defendant for rent, the exact relief it now seeks in this action, but elected not to do so. The judgment in the summary proceeding therefore regulates the parties' rights with respect to possession, use and occupancy of the property, and payment for the same; and those issues, as Special Term observed, were resolved by the stipulation incorporated in that judgment.[*] Although the stipulation makes no mention of rent, the record supports the conclusion that in exchange for rent-free use and occupancy of the disputed premises, defendant waived defenses it had interposed in the summary proceeding and voluntarily surrendered the premises at the end of the agreed period without further litigation. ¶ As for the State's suggestion that the Commissioner of Transportation lacked authority to enter into a stipulation whereby no rent was to be paid, we note that subdivision 11 of section 30 of the Highway Law declares that pursuant to the State's right to collect rent on appropriated property, granted in EDPL 305, the commissioner may make agreements for the continued use and occupancy of appropriated property by a former owner upon "such terms, conditions and consideration as he deems beneficial to the state". Clearly then, the commissioner had the authority to relieve defendant of rent for the disputed property in exchange for the relinquishment of its defenses in the summary proceeding. ¶ Order affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.

---

* State of New York v Mallette (102 AD2d 906) is not to the contrary. In Mallette, there had been no prior summary proceeding settling the rights of the parties regarding the property in controversy.