STATE OF NEW YORK, Appellant, v CHARLES ROSPENDOWSKI et al., Respondents. — Yesawich, Jr., J.

On July 27, 1982, plaintiff appropriated defendants' real property located in the County of Onondaga. A 30-day notice to vacate the premises, together with an application for a permit to use and occupy the same at a monthly rent of $325, was furnished to defendants on October 10, 1982, but they refused to sign the agreement. Claiming, *inter alia,* an inability to secure adequate alternative housing, defendants, without paying rent therefor, continued occupying the subject property until April 15, 1983. The following month plaintiff instituted this suit to recover the fair rental for defendants' use and occupation of the aforesaid property from September 1, 1982 to April 15, 1983.

After issue was joined, plaintiff moved for summary judgment and defendants cross-moved for permission to amend their answer to assert two "affirmative defenses, offsets and counterclaims". The first of these "affirmative defenses" charged that plaintiff violated a promise to assist defendants in locating adequate housing and provide a housing subsidy; the second alleged that plaintiff's unreasonable delay in granting defendants funding for relocation would, "if the plaintiff is successful in its attempt to impose a monthly rental obligation", require defendants "to pay for housing in an amount in excess of the amount they had previously paid". Special Term's denial of plaintiff's motion for summary judgment and granting of defendants' cross motion prompted this appeal.

It is undisputed that plaintiff acquired the property on July 27, 1982 and that defendants finally vacated the premises on April 15, 1983. Nor can it be disputed that upon the date of acquisition, defendants, as condemnees, became liable to plaintiff for the fair and reasonable value of their occupancy (*State of New York v Mallette,* 102 AD2d 906, 907; *see,* EDPL 305 [A]). Further, defendants have not controverted an averment by plaintiff's right-of-way agent that $325 per month is a fair and reasonable value for the use of the property. Given this unchallenged proof, plaintiff was entitled to summary judgment in the amount of $2,337.50.

We note that since defendants' statutory obligation to pay rent cannot be circumvented, their "affirmative defenses" in

reality assert counterclaims which are cognizable only in the Court of Claims (*see, People v Dennison,* 84 NY 272; *State Univ. v Syracuse Univ.,* 285 App Div 59, 61-62). As defendants have a claim pending in the Court of Claims encompassing the very conduct by plaintiff which they complain of here, litigation of that grievance can be had there (*cf. State of New York v 345 Washington St.,* 68 Misc 2d 510, 513, *affd* 43 AD2d 668).

Order reversed, on the law, without costs, plaintiff's motion for summary judgment granted and defendants' cross motion denied. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.