■ STATE OF NEW YORK, Appellant, v COMO MEAT PACKERS, INC., Respondent.—Mahoney, P. J.

On December 2, 1983, the Department of Transportation appropriated property of defendant for highway purposes. Defendant, which was in the meat packing business, had used the property as a slaughterhouse. Despite being notified in writing to pay rent, defendant remained in possession of the property for approximately four months and paid nothing for the use of the property.

On April 2, 1984, plaintiff commenced the subject action with a summons and verified complaint. The complaint recited the statute imposing the obligation on defendant to pay rent (EDPL 305) and sought to recover five months rent at $4,000 per month. On June 1, 1984, defendant served a verified answer denying allegations of the complaint and claiming that it only had to pay a "negotiated rent", such rent to start when defendant was paid for its condemned property. On July 24, 1984, plaintiff moved for summary judgment for the fair and reasonable value of defendant's use and occupancy of State property. Plaintiff included as part of its moving papers an affidavit of its real estate expert giving his opinion that the fair and reasonable rental value was $4,000 per month. Defendant opposed the motion by affidavit. Special Term denied the motion for summary judgment. This appeal by plaintiff ensued.

Defendant was liable for rental payments pursuant to statute. EDPL 305 (A) and Highway Law § 30 require the condemnee using or occupying property after acquisition for highway purposes to pay the condemnor the fair and reasonable value for such use and occupancy. This court has already recognized and enforced this statutory mandate against former owners who refuse to pay (see, e.g., State of New York v Mallette, 102 AD2d 906; State of New York v Rospendowski, 110 AD2d 1031). Defendant had no right to refuse to make payments to plaintiff on the ground that it was a commercial venture rather than an individual owner. Accordingly, we hold that Special Term should have granted summary relief to plaintiff on the issue of liability. Next, since the statement of defendant's president that the subject premises had no greater value than $300 per month, as well as his claim that he was "informed" that an appropriate rent was to be negotiated, created an issue of fact as to the fair and reasonable monthly rental value of the premises, summary relief must be withheld as to that issue. That issue must be resolved at trial.

Order modified, on the law, without costs, by reversing so much thereof as denied plaintiff summary judgment on the issue of liability; summary judgment granted to plaintiff on the issue of liability; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.