STATE OF NEW YORK, Appellant, v GEORGE CHAPMAN et al.,
Doing Business as G.S.H.W. ASSOCIATES, Respondents.

Third Department, March 17, 1988

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Richard J. Dorsey* and
*Peter J. Dooley* of counsel), for appellant.

*Robert M. Blakeman & Associates (Robert M. Blakeman* of counsel), for respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

Defendants operated a golf driving range on leased property in the Town of Hempstead, Nassau County. On January 28, 1970, by filing a map in the Nassau County Clerk's office, the State appropriated a portion of the property, including all of defendants' improvements included thereon, to construct a highway. On March 30, 1970, the notice of appropriation was served on defendants. On April 28, 1970, defendants were served by the Department of Transportation with a notice to quit the premises on or before June 29, 1970. On May 6, 1970, the Department delivered to defendants a written notice informing them that they would be required to pay $1,540 per month rent commencing April 1, 1970. When defendants failed to comply with the notice to quit, the State commenced a summary proceeding to obtain possession of the property. The Nassau County District Court issued a final judgment on July 27, 1970 awarding the State possession with execution stayed to October 15, 1970. On January 15, 1971, defendants vacated the premises.

On January 27, 1971, the Department sent defendants a bill for rent due in the amount of $15,400, but defendants contested the amount. Defendants filed a claim in the Court of Claims for appropriation of their leasehold interest. The State did not assert its claim for use and occupancy as a counterclaim though it could have had it so chosen (Court of Claims Act § 9 [3]). The Court of Claims awarded defendants $120,028 for appropriation of the leasehold. In addition, even though the State moved to have interest run from the date the premises were vacated, January 15, 1971, the Court of Claims computed interest from January 28, 1970, the date title vested, to April 10, 1973, the date of entry of judgment, amounting to $23,045.38. The State did not appeal.

On January 15, 1975, the State commenced this action against defendants seeking to recover the fair and reasonable value of defendants' use and occupancy from April 1, 1970 through January 31, 1971. After issue was joined defendants moved for summary judgment dismissing the complaint on res judicata grounds. Defendants' theory was that in the Court of Claims action, though the State did not elect to assert its

claim for use and occupancy as a counterclaim, the State applied to abate interest so as to compute interest on the appropriation award from the date defendants were under order to vacate the premises. However, the Court of Claims rejected the State's application and awarded interest from January 28, 1970, the date title vested. Defendants argue that the State has, thus, already litigated its claim for use of the property. Supreme Court agreed, and granted defendants' motion and dismissed the complaint. This appeal by the State ensued.

This appeal involves two principles of the law of condemnation. First, where a condemnee remains on the acquired property after the date of acquisition, the condemnor has a right of action for the reasonable value of the use of the land (see, EDPL 305 [A]; Highway Law § 30; see also, State of New York v Como Meat Packers, 124 AD2d 902, 903). Second, while a condemnee is entitled to interest on the appropriation award calculated from the date of appropriation, such interest is generally not allowed for the period of time during which the condemnee retains the use of the land, the theory being that the use of the property is equivalent to interest (see, La Porte v State of New York, 6 NY2d 1, 6-7; 51 NY Jur 2d, Eminent Domain, § 422, at 626-627). Where the condemnor seeks to abate interest, it has the burden of demonstrating that the interest owed is offset by the value of the condemnee's use of the property, and, to do so, it must prove the fair rental value of the property during the period of the condemnee's use (see, Peasley v State of New York, 102 Misc 2d 982, 992; 51 NY Jur 2d, Eminent Domain, § 422, at 627).

From these principles, it is clear that, where a condemnee retains the use of the property, the condemnor may suffer the imposition of interest on the condemnation award for the full period and independently assert its EDPL 305 (A) claim by way of counterclaim in the condemnation action or separate action, or the condemnor may seek to abate interest for the period during which the condemnee retained the use of the property. In the latter scenario, the condemnor would prove the fair rental value for the period and, if such is equal to or greater than the interest for the period, the condemnor would be entitled to abatement of such interest. Any amount by which the fair rental value exceeds the interest abatement could then be asserted in an EDPL 305 (A) claim. If, on the other hand, the fair rental value for the period is less than the interest for that period, the condemnor would be entitled

to a partial abatement of interest in satisfaction of its EDPL 305 (A) claim.

The doctrine of res judicata prevents a party from litigating a claim which has already been litigated or which ought to have been litigated (see, Siegel, NY Prac §§ 442, 443, at 585-586). It is clear from the foregoing discussion that, though they involve common issues of fact, an application to abate interest is not equivalent to an EDPL 305 (A) claim. Illustrative of this is the fact that where, upon an application to abate interest, fair rental value is established to be higher than interest, the condemnor is entitled only to an abatement of interest and not a monetary award.

The more troublesome issue is whether the State's EDPL 305 (A) claim is barred because it ought to have been litigated in the first action. Since New York does not have a mandatory counterclaim rule (see, Modell & Co. v Minister, Elders & Deacons of Refm. Prot. Dutch Church, 68 NY2d 456, 461), the State was not required to assert its EDPL 305 (A) claim in the condemnation action.[1] The issue is whether, by moving to abate interest, the State introduced the issues involved in the claim to the extent that it ought to have raised the EDPL 305 (A) claim at that time. The traditional inquiry is whether "the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first" (Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 307). Using this analysis, the Court of Appeals has precluded plaintiffs from relitigating claims based on the same transaction, even though the theories or causes of action were different, where, based on the circumstances, the claim ought to have been litigated in the first action (see, O'Brien v City of Syracuse, 54 NY2d 353; Smith v Russell Sage Coll., 54 NY2d 185; see also, Siegel, NY Prac § 447, at 591-592; at 127-128 [1987 Pocket Part]). This doctrine has also been applied to a party who was a defendant in the prior action. The Court of Appeals has prevented a party from raising a claim where the essence of the claim was raised and litigated by that party as an affirmative defense in a prior action (Modell & Co. v Minister, Elders & Deacons of Refm. Prot. Dutch Church, supra).

It is apparent that the focus of the inquiry in these cases is

---

1. We note, however, that in the interest of judicial economy, it would be preferable to litigate an EDPL 305 (A) claim in the same action as the condemnation claim.

on the claim itself and not on the individual issues involved in the claims. This is properly so since res judicata is concerned with claim preclusion while issue preclusion is the subject of the related doctrine of collateral estoppel. In our view, the State's action is not barred by res judicata on the ground that it ought to have been raised in the condemnation action. First, it did not assert any claim or defense in the condemnation action, but simply sought an abatement of interest. Second, the State never made a claim in the condemnation action for rent which it allegedly was entitled to. Rather, it simply would have had to establish the fair rental value in order to obtain an abatement of interest. Even if the State proved that the fair rental value exceeded the interest, its abatement motion could not have served as a vehicle to obtain a monetary award. Finally, and perhaps most important, it is not necessary to use the doctrine of res judicata to protect against the destruction or impairment of rights or interests established in the condemnation action since the doctrine of collateral estoppel, which will be addressed next, is available to accomplish that task.

The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party * * * whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.,* 62 NY2d 494, 500). The crucial inquiry is what issue or issues were necessarily decided in the first action. Here, the State chose to move to abate interest in the condemnation action and had a full and fair opportunity to litigate this matter. As stated earlier, to succeed on its motion the State had to establish, first, that defendants retained the use of the property after appropriation and, second, that the interest owed is offset by the value of the condemnee's use of the property, i.e., the fair rental value. The Court of Claims denied the State's motion and awarded full interest, but gave no reason for its decision.[2] However, it is clear that the only possible reason for such denial was that the State failed to prove one or both of the two elements mentioned above. Since it is virtually conceded that defendants did in fact retain the use of the property after the appropriation, one would suspect that the Court

2. An order or judgment is entitled to collateral estoppel effect notwithstanding the fact that it does not specify the findings which form the basis therefor so long as it can be determined what issues were necessarily decided (*see,* Siegel, NY Prac § 464, at 614).

of Claims found the State's application for abatement of interest wanting on the second element. Further, since the Court of Claims did not even grant a partial abatement of interest, it is apparent that it either found that the fair rental value of the property was worthless or, more likely, the State failed to offer proof on this point (see, e.g., *Peasley v State of New York*, 102 Misc 2d 982, 990-901, *supra*). The State took no appeal from the judgment of the Court of Claims and, thus, is bound by it.

In the instant action for rental value pursuant to EDPL 305 (A), the State must again prove both that defendants retained use of the property after appropriation and that the fair rental value exceeds any interest which may have been abated. As discussed above, at least one of these elements was conclusively determined against the State in the condemnation action. Thus it is clear that an essential element of the State's cause of action in the instant action was conclusively determined against it in the condemnation action. Since the prior judgment is entitled to collateral estoppel effect, the complaint was properly dismissed.

KANE, WEISS, LEVINE and MERCURE, JJ., concur.

Order affirmed, with costs.