■ In the Matter of TOWN OF RIVERHEAD, Appellant-Respondent, v VINCENT LOBOZZO, Respondent-Appellant. [616 NYS2d 909] —In an eminent domain proceeding, the petitioner Town of Riverhead appeals and the claimant Vincent Lobozzo cross-appeals from a judgment of the Supreme Court, Suffolk County (Geiler, J.), entered June 23, 1992, which, after a nonjury trial, is in favor of the claimant and against the petitioner in the principal sum of $192,780, less a credit of $124,500 previously paid by the petitioner.

Ordered that the judgment is modified on the law, by reducing the damages to the principal sum of $172,140 less a credit of $124,500 previously paid by the petitioner; as so modified, the judgment is affirmed, with costs to the petitioner.

The claimant was the owner of condemned property located in the Town of Riverhead. The claimant sued for condemnation damages of $590,000 and the Town claimed that the damages were $129,000. After a condemnation trial, the court rejected the claimant's highest and best use theory of mining, adopted the Town's agriculture theory, and awarded the claimant $192,780, which was $68,280 above the Town's advance payment.

The trial court admitted into evidence, without objection, the Town's notice to the claimant of its claim of $15 per day as a fair and reasonable sum for use and occupancy pursuant to EDPL 305. However, in its decision and in its judgment, the court failed to address this question and did not deduct

$20,640, the amount of the resulting statutory lien, from the damages awarded to the claimant. The Town correctly contends that the court should have recognized the statutory lien. Contrary to the claimant's contention, the Town proved that he used the premises until May 15, 1987, thereby establishing his liability under EDPL 305 (A). On May 14, 1984, the Town served notice that the sum of $15 per day would be deducted from the award pursuant to subdivision (C) of the statute. Under EDPL 305 (B), if the value established by the Town was unacceptable to the claimant, he was entitled to bring an action to establish the fair and reasonable amount of money due. Between May 14, 1984, and the trial, neither the claimant nor his counsel disputed the assessment. Because the claimant did not controvert the Town Attorney's assessment as to fair and reasonable value for the use of the property, the Town was entitled to judgment on the issue *(see, State of New York v Rospendowski,* 110 AD2d 1031; *State of New York v Mallette,* 102 AD2d 906, 907; *cf., State of New York v Charter Craft Corp.,* 167 AD2d 584, 585; *State of New York v Como Meat Packers,* 124 AD2d 902, 903). Accordingly, the judgment must be modified to reflect the assessment, as requested by the Town.

We have considered the Town's remaining contentions, as well as those of the claimant on the cross appeal, and find them to be without merit. O'Brien, J. P., Santucci, Altman and Krausman, JJ., concur.