■ Gary Mulverhill et al., Respondents, v State of New York, Appellant. (Claim No. 96649.) [682 NYS2d 478] —Spain, J. Appeal from an order of the Court of Claims (Collins, J.), entered March 23, 1998, which, inter alia, denied the State's motion to dismiss the claim.

Claimants are Environmental Conservation Officers (hereinafter ECOs), Environmental Conservation Investigators (hereinafter ECIs) and Forest Rangers (hereinafter Rangers) employed by the Department of Environmental Conservation. In July 1987, claimants commenced an action in the United States District Court for the Northern District of New York

---

against, among others, the State seeking to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938 (29 USC § 201 *et seq.* [hereinafter FLSA]). The New York State Inspection, Security and Law Enforcement Employees, District Council 82, American Federation of State, County and Municipal Employees, AFL-CIO intervened as a defendant, seeking enforcement of a bargaining agreement it entered into with the State on behalf of claimants.

In August 1990, the United States Secretary of Labor also commenced an action against the State (*Reich v State of New York*, 1994 US Dist LEXIS 6743, 1994 WL 263594 [US Dist Ct, ND NY, May 19, 1994, Munson, J.]) seeking, *inter alia*, to enjoin the State from violating the overtime provisions of the FLSA and to restrain the State from withholding unpaid overtime wages. Claimants and the Secretary eventually moved, *inter alia*, for partial summary judgment on the issue of whether ECOs, ECIs and Rangers are entitled to overtime compensation under the FLSA. The State moved to dismiss the actions. Because the cases were related, the District Court ruled on the motions submitted in both cases in a single decision and order, granting claimants' and the Secretary's motions on the issue of liability and denying the State's motion seeking dismissal of the actions, and directed the parties to prepare for trial on the issue of damages. The State did not appeal.

Thereafter, as a consequence of the United States Supreme Court's holding in *Seminole Tribe v Florida* (517 US 44), the State moved before District Court to dismiss claimants' case on the ground that the Eleventh Amendment of the US Constitution precludes a private citizen from suing a State in Federal court; District Court granted the State's motion and dismissed the complaint. Within 30 days of the dismissal of their action in District Court, claimants filed this action in the Court of Claims seeking, *inter alia*, to recover unpaid overtime compensation pursuant to the FLSA. In their first cause of action, claimants alleged that they are entitled to overtime compensation at the rate of one and one-half times their regular pay for hours worked in excess of [40] hours per week pursuant to 29 USC § 207 (a) (1).[1] In their second claim, claimants stated that "[i]n the event it may be determined that [claimants] are employees covered under the limited overtime exception set forth

1. 29 USC § 207 (a) (1) requires that an employee whose work week is longer than 40 hours receive "compensation for his employment in excess of [40 hours] at a rate not less than one and one-half times the regular rate at which he is employed".

in 29 U.S.C. § 207(k)[2] and only in that event, then [claimants] allege in the alternative that * * * [the State] must pay overtime compensation to [claimants] at a rate not less than one and one-half times their regular rate of pay for hours worked in excess of [40] hours in a 7-day work period".

The State moved to dismiss the action on the grounds that, *inter alia*, claimants did not timely file their action and that the pending action by the Secretary in District Court precluded claimants' action. Claimants opposed the motion and cross-moved for partial summary judgment on the issue of the State's liability under 29 USC § 207 (a) (1) based upon the doctrine of collateral estoppel in light of the District Court's decision stating that claimants were entitled to overtime compensation under 29 USC § 207 (a) (1). The Court of Claims denied the State's motion to dismiss and partially granted claimants' cross motion finding, *inter alia*, that collateral estoppel applied and thus claimants are "entitled to overtime pay at a rate of one and one-half times their regular salary for hours worked in excess of forty hours per week". The State now appeals.

Initially, we note that in this appeal the State has raised the issues of subject matter jurisdiction based on the timeliness of claimants' action and preclusion of claimants' claim as a result of the Secretary's action in District Court. However, the State expressly acknowledges that it recognizes that this Court's decision in *Ahern v State of New York* (244 AD2d 7) is dispositive of these issues and that it merely raised the issues for preservation purposes pending the appeal of *Ahern v State of New York* (*supra*). We find no reason to disturb our reasoning in *Ahern v State of New York* (*supra*) and therefore find no merit to the State's assertions with respect to these issues.

We do, however, find merit in the State's contention that the Court of Claims erred in determining that the doctrine of collateral estoppel precludes the State from litigating whether claimants' overtime compensation must be paid pursuant to 29 USC § 207 (a) (1) or (k). "The doctrine of collateral estoppel, a

---

**2.** 29 USC § 207 (k), provides that:

"No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of * * * any employee in law enforcement activities * * * if * * *

"(1) in a work period of 28 consecutive days the employee receives[,] for tours of duty which in the aggregate exceed * * * the average number of hours (as determined by the Secretary [of Labor] * * *) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975[,] * * *

"compensation at a rate not less than one and one-half times the regular rate at which he is employed."

narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500). Only two elements need be established; first, that the identical issue was necessarily decided in the prior action and is decisive in the present one, and, second, that the party to be precluded had a full and fair opportunity to contest the prior determination (*see, D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664; *Ryan v New York Tel. Co., supra,* at 500-501). "The crucial inquiry is what issue or issues were necessarily decided in the first action" (*State of New York v Chapman*, 136 AD2d 75, 79).

Here, the Court of Claims found that the District Court in *Mulverhill v State of New York* (1994 US Dist LEXIS 6743, 1994 WL 263594 [US Dist Ct, ND NY, May 19, 1994, Munson, J.]) "clearly and unequivocally held that [claimants] are entitled to overtime [compensation] pursuant to 29 USC § 207(a)(1)". We, however, agree with the State that the issue of whether 29 USC § 207 (a) (1) or (k) is applicable for calculating the unpaid overtime owed claimants was not fully litigated. In *Mulverhill v State of New York (supra)*, the District Court granted the Secretary's and claimants' motion for summary judgment on the issue of the State's liability under section 7 of the FLSA (52 US Stat 1063, ch 676, § 7) and to that extent the doctrine of collateral estoppel applies. Although the court stated that section 7 (a) (1) of the FLSA requires employers to pay employees one and one-half times their pay for hours worked in excess of 40 in a seven-day period, it did not address whether 29 USC § 207 (a) (1) or (k) applies for the calculation of the amount of overtime pay owed claimants. Throughout its decision the District Court used the language of 29 USC § 207 (a); however, the decision also indicates that, had the issue been squarely before the court, the court may have found that 29 USC § 207 (k) applied in calculating overtime pay owed claimants.

Because the District Court did not necessarily decide the issue as to which of the two subsections applies in calculating the amount owed and because the State has not had a full opportunity to litigate that issue, we conclude that the doctrine of collateral estoppel does not apply to whether 29 USC § 207 (a) (1) or (k) should be used to calculate overtime compensation owed claimants, only as to whether the State is liable under the FLSA (*see, State of New York v Chapman, supra,* at 79).

Cardona, P. J., Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted that portion of claimants' cross motion for summary judgment which found the State liable for overtime compensation calculated pursuant to 29 USC § 207 (a); said cross motion denied; and, as so modified, affirmed.