■ State of New York, Respondent, v Massapequa Auto Salvage, Inc., Appellant. [699 NYS2d 539] —Peters, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered July 30, 1998 in Albany County, upon a decision of the court in favor of plaintiff.

Defendant occupied a piece of property owned by the Department of Transportation (hereinafter DOT) which served as a right-of-way to a State road. The parties entered into a permit agreement dated August 20, 1988 which allowed defendant to occupy the land for a limited purpose; the agreed fee was $590 per month, commencing September 1, 1988, with an additional charge of 2% if the monthly payment was more than 15 days late. Other terms and conditions detailed therein included a provision that the permit was for a one-month period, automatically renewed unless canceled with 30 days' written notice.

Plaintiff brought this action on November 15, 1991, pursuant to EDPL 305, contending that in accordance with the parties' signed permit agreement it was owed arrearages and penalties commencing November 1990. At the trial scheduled for June 17, 1998, local counsel for defendant appeared without his client, requesting an adjournment pending application by counsel of record to withdraw its representation. After plaintiff's objection, Supreme Court denied the motion. It noted that the case was over seven years old, that the note of issue remained without challenge, that a final conference was held before another Judge wherein a day certain for trial was scheduled and that the case was marked ready at a calendar call three weeks earlier, all without any motion by counsel to withdraw. The matter proceeded to trial.

Joseph Barnes, plaintiff's State-wide manager for DOT's rental permit program, testified about the subject use agreement and introduced it into evidence. He testified that defendant had been in continuous possession of the property since the inception of the agreement, that the permit contained provisions for interest and penalties and that defendant's use thereof was confirmed by intermittent inspections. However, Barnes testified that the monthly fee should be less than that set forth in the permit because inspections revealed that defendant had occupied less square footage than originally contemplated. Based upon the reduced square footage, Barnes

calculated the monthly amount to be "technically" $283, which he "rounded" to $300 per month. Barnes then explained his calculations of the total amount owed as including the 2% late penalty; such calculations were entered into evidence without objection. At the close of plaintiff's case, local defense counsel made an unsuccessful motion to dismiss for a failure of proof and thereafter renewed the motion for an adjournment. This time he informed Supreme Court that based on a recent conversation with counsel of record, he could now represent that defendant had been made aware of the trial date. The motion was again denied.

Supreme Court found that defendant had been in continuous possession of the property, had not paid the usage fee and that the fair and reasonable value was $300 per month. A judgment was thereafter entered from which defendant appeals.

It is well settled that trial courts are granted the discretion to determine the conduct of trials, including the determination of motions for an adjournment (see, Matter of Anthony M., 63 NY2d 270, 283; Matter of Tina T. v Steven U., 243 AD2d 863, lv denied 91 NY2d 805; Le Jeunne v Baker, 182 AD2d 969)—a province we will not intervene with absent a clear abuse of discretion (see, Matter of Croce v Croce, 236 AD2d 646, 648). In reviewing such determination, we assess whether "the court * * * indulge[d] in a balanced consideration of all relevant factors including the merit of the action, prejudice or lack thereof to the plaintiff, and intent or lack of intent to deliberately default or abandon the action" (Wilson v Wilson, 97 AD2d 897, 898; see, Le Jeunne v Baker, supra).

This record includes the signed permit, a failure to pay and obvious prejudice which would have enured to plaintiff if this matter were adjourned and the witnesses were required to reappear. These facts, coupled with the procedural history of this case and the recent acknowledgment of readiness to proceed without any motion or statement to Supreme Court indicating a contrary intent until the day scheduled for trial, warrants our finding of no error (see, Wilson v Wilson, supra). With the further absence of any extraordinary circumstances supporting the request for a new trial based upon a claim of ineffective assistance of counsel (see, Matter of Saren v Palma, 263 AD2d 544; Olmstead v Federated Dept. Stores, 208 AD2d 979, lv denied 85 NY2d 811), we proceed with our substantive review. "[I]n a nonjury trial [we are] not limited to determining the credible evidence but may, where it is apparent from the evidence that a finding different from that of the trial court is not unreasonable, weigh the relative probative force of conflict-

ing inferences to be drawn and grant judgment as is determined to be correct, [giving] deference * * * to the trial court's assessment of credibility issues" (*Hoover v Durkee*, 212 AD2d 839, 841). In light of such standard, we review Barnes' testimony. Although not required by the permit and noting that it will be automatically renewed absent prior written notification of cancellation, Barnes admitted that the property was not inspected monthly to confirm defendant's use. Instead, it was inspected at least once a year and possibly as many as 20 times in all. Yet, such evidence of continuous use was never challenged. Accordingly, we find no error in Supreme Court's conclusion that defendant continuously occupied the property for the time alleged.

As to the fair and reasonable value of the monthly fee assessed by Supreme Court upon Barnes' testimony (*see*, Highway Law § 30; EDPL 305 [A]; *State of New York v Charter Craft Corp.*, 167 AD2d 584; *State of New York v Mallette*, 102 AD2d 906), we note that defendant, as a condemnee, has a statutory right to contest the amount determined by the condemnor as fair and reasonable (*see*, EDPL 305 [B]). Having failed to exercise that right, we deem the issue waived, entitling plaintiff to summary judgment (*see*, *Matter of Town of Riverhead v Lobozzo*, 207 AD2d 790; *State of New York v Rospendowski*, 110 AD2d 1031). However, in assessing the amount owed by the proof presented, we must conclude that in the absence of an explanation by Barnes supporting his upward modification of the monthly fee from $283 to $300 based upon actual usage, the judgment must be modified to reflect the lowered amount, along with the 2% monthly late charge the computation of which we note was not objected to by counsel.

As to those contentions raised for the first time on appeal, we decline review (*see*, *Kennedy v Kennedy*, 256 AD2d 1048, 1049; *Osborne v Schoenborn*, 216 AD2d 810, 811).

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by reducing the monthly fee to $283 to be calculated from November 1, 1990 to May 31, 1998, with a 2% monthly penalty and the addition of costs and disbursements, and, as so modified, affirmed.