OPINION OF THE COURT
Memorandum.
Judgment modified by reinstating defendant’s fourth counterclaim and remanding the matter for a new trial with respect to said counterclaim; as so modified, affirmed without costs.
In this action by a commercial tenant, Concord Delivery Service, Inc., for the return of a security deposit, the landlord Syosset Properties, LLC counterclaimed for, among other things, monies allegedly due Syosset which were received by Concord and improperly retained. Concord moved, inter alia, to strike this counterclaim, arguing that Syosset is barred from asserting said counterclaim by virtue of the determination in a prior nonpayment proceeding between the parties. The court denied the motion on the ground that there were triable issues of fact. After trial, the court below agreed with Concord that the counterclaim was barred. The relevant facts are as follows:
At the end of the first lease between the parties for a certain commercial space, the parties entered into a new lease covering the original and an adjoining space. A holdover tenant, Horan Contracting Corp., remained in possession of all or part of the adjoining space during the term of the second lease. It appears that at first Horan continued to pay rent to Syosset, then, for a period, it made payments to Concord or its affiliate, and subsequently, according to Concord’s witness, Horan resumed making payments to Syosset. At that point, Concord stopped paying rent to Syosset, and Syosset thereafter brought a nonpayment proceeding against Concord. In that proceeding, Concord counterclaimed for a rent abatement based on Syosset’s failure, by virtue of Horan’s holding over, to deliver possession of a portion of the premises to Concord. Syosset replied to the counterclaim, asserting, inter alia, that Concord had accepted possession of the premises notwithstanding Horan’s occupancy and that Horan had continued to occupy with Concord’s consent. *42 However, at the trial in the summary proceeding, Horan’s principal was not available to testify and, thus, Syosset failed to support its claim that Horan remained in possession with Concord’s consent. Consequently, the summary proceeding court found that Horan never became a tenant of Concord, thereby implicitly finding that Horan had remained Syosset’s tenant, and awarded Concord judgment on its counterclaim for an abatement retroactive to the commencement of the second lease.
In the instant action, Syosset seeks to recover the monies paid by Horan to Concord, through an affiliate of Concord. At the trial in the instant action, Horan’s principal testified to his making of the payments to Concord’s affiliate pursuant to what he characterized as a sublease between Concord or its affiliate and Horan. Concord’s principal admitted that its affiliate received payments from Horan for at least a year during the term of the second lease but testified that the affiliate endorsed the checks over to Syosset. After trial, the court below ruled that the testimony from Horan’s representative should have been presented in the summary proceeding, and that, since Syosset’s claim arose out of the same transaction as that which was litigated in the summary proceeding, it was barred by res judicata.
In our view, the relevant doctrine is not res judicata, which applies where there is an identity of causes of action (see Matter of Reilly v Reid, 45 NY2d 24 [1978]), but collateral estoppel, which applies where there is an identity of issues:
“ ‘The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same’ (Ryan v New York Tel. Co., 62 NY2d 494, 500). Only two elements need be established; first, that the identical issue was necessarily decided in the prior action and is decisive in the present one, and, second, that the party to be precluded had a full and fair opportunity to contest the prior determination (see, D’Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659; Ryan v New York Tel. Co., supra, at 500-501). ‘The crucial inquiry is what issue or issues were necessarily decided in the first action’ (State of New York v Chapman, 136 AD2d 75, 79)” (Mulverhill v State of New York, 257 AD2d *43 735, 737-738 [1999]).
Collateral estoppel effect will only be given to issues “actually litigated and determined” in the prior action or proceeding (DiLauria v Town of Harrison, 32 AD3d 490, 491 [2006]). The burden of establishing that an issue on which preclusion is sought is identical with an issue actually litigated and determined in the prior action rests on the party seeking to impose the estoppel (Forcino v Miele, 122 AD2d 191, 193 [1986]).
In the instant matter, Concord did not meet its burden of establishing an identity of issues between those litigated and determined in the prior proceeding and that which Syosset seeks to litigate in the present action. In the nonpayment proceeding, the issue necessarily determined was that Concord never consented, by sublease or otherwise, to the occupancy by Horan. In the instant action, Syosset seeks to establish that Concord, directly or through an affiliate, received payments from Horan for Syosset’s benefit which it failed to transmit to Syosset. The issue of whether payments were made to Concord or its affiliate by Horan was not actually litigated in the nonpayment proceeding, and that court did not make a finding that no payments were ever made. The issue determined in the nonpayment proceeding, to wit, that Concord did not consent to Horan’s occupancy, and the issue herein of whether payments were made by Horan to Concord for purposes of transmission to Syosset, are not identical, and Concord itself appears to be claiming that payments were made to its affiliate not by way of an attornment but merely for transmission to Syosset. As there is no identity of issues, Syosset is not estopped from asserting its counterclaim, to recover from Concord the monies paid to it by Horan for transmission to Syosset. Accordingly, we modify the judgment by reinstating Syosset’s fourth counterclaim, denominated, perhaps incorrectly, as one for “conversion” (see generally 23 NY Jur 2d, Conversion, and Action for Recovery of Chattel § 9), but in any event one for money had and received, and by remanding the matter for a new trial to determine the amount, if any, of payments received by Concord and not transmitted to Syosset.
We have examined Syosset’s other contentions and find them to be without merit.
Rudolph, EJ., Tanenbaum and Scheinkman, JJ., concur.